3 27
129 388

Circuit Court for Multnomah County, June Term, 1868.

### ISAAC S. TOBY *v*. FERGUSON *et al.*

Judgment, how Plead.—In pleading the judgment of a Court of special jurisdiction, it is not necessary to state the facts that confer jurisdiction.

Demurrer.—If a demurrer strikes at the whole of an answer, as not constituting a defense, and there is a part of the answer that amounts to a defense, the demurrer will be overruled.

This case was heard on demurrer to the answer; the facts appear in the opinion filed in the cause.

*Caples & Moreland*, for the plaintiff.

*Page & Stevens,* for the defendant.

UPTON, J. This is an action for false imprisonment. The defendant, after denying some of the allegations of the complaint, makes a "further answer," to which the plaintiff demurs.

Omitting formal words, the further answer states that "the writ of arrest was duly issued out of the county court of said county," for the said Toby, "for causes allowed by law and specified in section 106 of the code of civil procedure," and the arrest was thereon made. "And thereafter, on the 28th of April, 1868, in the said action in the said county court, judgment was duly rendered and given in favor of said" Ferguson *et al.,* "against the said Toby, for the sum of $317.80, and that in default of the payment of the said judgment, that he, the said Toby, be kept in custody until discharged according to law." That execution thereupon issued, upon which the said Toby was thereafter imprisoned until discharged.

The grounds of the demurrer are that art. 1, sec. 19 of the state constitution provides that, "there shall be no imprisonment for debt, except in cases of fraud or absconding debtors." And that the answer does not show that this arrest was made in such a case, inasmuch as section 106 includes other declared causes for arrest.

This point involves indirectly the question of the constitutionality of section 106 of the code. But I do not feel called upon to pass upon the question, as I think the answer should be sustained on grounds aside from the constitutionality of that section.

It appears from the answer that a cause was pending between the parties in the county court; that the court had jurisdiction of the *action,* and that that court "duly rendered" a judgment of imprisonment against this plaintiff, and that a portion of the imprisonment complained of was under that judgment. Under section 85 of the code this judgment is well plead, and is a defense to that extent. "In pleading the judgment of a court or officer of special jurisdiction, it shall not be necessary to state the facts that confer jurisdiction."

The demurrer strikes at the whole of this "further answer," and as there is a part of it that amounts to a defense, the demurrer must be overruled.