[Filed April 12, 1886.]

## C. M. ROHR *v.* PERRY G. BAKER.

CONTRACT—MISTAKE.—A stranger performing work by mistake upon another's contract to excavate earth from a street, without the latter's knowledge, cannot recover the cost thereof.

MULTNOMAH COUNTY. Plaintiff appeals. Affirmed.

The parties in this action were several street contractors with the city of Portland for excavating earth. Rohr,

by mistake, and without Baker's knowledge, excavated a
quantity of earth on ground covered by Baker's contract.
Baker completed his contract, and received the contract
price.   Rohr brings this action to recover for the actual
cost of the work done by him, and for which he claims,
Baker received the benefit.

*Yocum & Beebe,* for Appellant.

*Stott & Stott,* for Respondent.

WALDO, C. J.   "An agreement concerning things per--
sonal is a mutual assent of the parties." (Plowd. 5.)
There may be circumstances from which a tacit assent
may be inferred, but in every case this assent is a fact
which must be proved.   No man can make another his
debtor against his will; as if a man pay my debt without
my request, I am not bound to repay him.

In *Bixby* v. *Moor,* 51 N. H. 403, the court say:

"It is sometimes said that the law implies an agree-
ment.   Strictly speaking, this is inaccurate.   The agree-
ment, though not fully expressed in words, is neverthe-
less a genuine agreement of the parties.   It is 'implied'
only in this: that it is to be inferred from the acts or
conduct of the parties instead of from their spoken words.
The engagement is signified by conduct instead of words.
But acts intended to lead to a certain inference may
'express' a promise as well as words would have done."

There is a class of so-called contracts, e. g., innkeepers
and common carriers, which are not contracts at all.
(Pollock on Contracts, 10; *Hertzog* v. *Hertzog,* 29 Pa. St.
465; 2 Kent's Com., 13th ed., 450, note 1.)   This is not a
case of that class.   Rohr must bring himself within the
domain of actual contract.   Now Baker's contract was
entire.   He had property in it with which no man could
interfere, and claim any part of the contract price

without his assent. Parson says (1 Cont. 446): "If the work or service rendered is merely gratuitous, and performed for the defendant without his request or privity, however meritorious or beneficient they may be, they afford no cause of action." *Bartholomew* v. *Jackson*, 20 Johns. 28, is cited in the note. The case presented is that of a stranger doing work on Baker's contract without Baker's consent. The case, in principle, is the same as though he had plowed Baker's field, or done work on his house, under similar circumstances. (See *Davis* v. *School Dist. No. 2*, 24 Me. 349, 351; *Day* v. *Caton*, 119 Mass. 513.)

The judgment must be affirmed.