Statement of the case.

[Argued October 10, 1892;  decided October 17, 1892.]

## FORBIS ET AL. v. INMAN ET AL.

[ S. C. 31 Pac. Rep. 204.]

1. APPEAL FROM JUSTICE'S COURT—AMENDMENT OF PLEADINGS.— On an appeal from a justice's court, the circuit court can try nothing but the issues made up in the justice's court, and has no authority on appeal to allow any change to be made in the issues, as by filing an answer:  Code, §§ 581, 2130.

2. IDEM—POWER TO REMAND.— On appeal the circuit court cannot remand a cause to the justice's court for further action.

3. ASSUMPSIT— VOLUNTARY SERVICE.—Any act done for the benefit of another without his request is deemed in law a voluntary service for which no action can be maintained.

4. VOLUNTARY SERVICES— REQUEST— PROMISE TO PAY.—Actions to recover for voluntary services are founded upon contract; and to make one liable thereon it must appear not only that the defendant has received a benefit, but also that he either requested the performance of the service, or that when he knew the service had been performed, he promised to pay for it. *Glenn* v. *Savage*, 14 Or. 577 ( 15 Pac. 442 ), approved; *Rohr* v. *Baker*, 13 Or. 350 ( 10 Pac. 627 ), distinguished.

5. VOLUNTARY SERVICE— IMPLIED REQUEST— IMPLIED PROMISE TO PAY.—In the case of a beneficial service a previous request may be implied from a subsequent promise, and so a subsequent promise may be implied from a previous request.

Multnomah County.    E. D. SHATTUCK, Judge.

Defendant appeals.    Affirmed.

This is an action originally commenced in the justice's court for East Portland precinct, Multnomah County, Oregon, by respondents Forbis & Co. against Inman, Poulsen & Co., to recover $60.30 upon a *quantum meriut* for work, labor, and materials performed and furnished by them to respondents in the following manner, to wit : Respondents and appellants both had separate contracts with the city of East Portland for the construction of side and crosswalks upon H street in said city, each party having the work upon certain blocks thereon, and the improvement of lots 5 and 6 in block No. 305 was awarded to appellants ; but respondents, as they claim by mistake, went upon said lots and performed the work and fur-

nished the materials therefor. The improvement was duly accepted by the city, and a warrant drawn in favor of appellants for the contract price, which respondents claim was received to their use and benefit. Respondents further claim that on October 5, 1891, after discovering their mistake, they applied to appellants for said warrant, or the equivalent thereof, and that appellants then agreed to pay them the sum of $60.30 therefor.

Appellants interposed a general demurrer, that the complaint did not state facts sufficient to constitute a cause of action, which was sustained by the justice; and respondents refusing to further plead, the justice gave judgment for costs and disbursements to appellants, from which judgment respondents appealed to the circuit court for Multnomah County. That court reheard the demurrer and reversed the decision of the justice. The appellants then asked leave to file an answer, which was refused, whereupon they asked that the case be remanded to the justice's court, which was also refused, and the court rendered a judgment in favor of respondents (the plaintiffs) and against appellants (the defendants) for the amount claimed, with the costs and disbursements of the action; whereupon they appealed, assigning as error (1) the overruling of the demurrer; (2) in setting aside the judgment of the justice's court; (3) in refusing to permit defendants to file an answer after the demurrer had been overruled; (4) in refusing to remand the cause to the justice's court for trial, with permission for defendants to answer.

*John H. Hall*, for Appellants.

Respondents having voluntarily entered upon and performed the work on appellants' contract without their knowledge or consent, cannot recover therefor: *Rohr* v. *Baker*, 13 Or. 350.

The alleged subsequent promise of appellant to pay respondent for such work and labor was without consideration and void, for a past or executed consideration is not

sufficient to sustain a promise founded upon it, unless
there was a request for the consideration previous to its
being done or made:   1 Pars. Con. 6th ed. 469;   Bish.
Contr. § 90; *Bartholomew* v. *Jackson*, 20 Johns. 28; 11 Am.
Dec. 237; *Allen* v. *Bryson*, 67 Iowa, 591; 56 Am. Rep. 358;
Sm. L. C. 9th Ed. 303; *Chamberlin* v. *Whitford*, 102 Mass.
448; *Dearborn* v. *Bowman*, 3 Met. 155; *Snevily* v. *Read*, 9
Watts (Pa.), 396; *Shealy* v. *Toole*, 56 Ga. 210; *Balcom* v.
*Craggin*, 5 Pick. 295; *Dodge* v. *Adams*, 19 Pick. 429; *Shep-
herd* v. *Young*, 8 Gray, 152; 69 Am. Dec. 242.

A disadvantage occurring to the promisee may con-
stitute a consideration for a promise, but to have that
effect it must appear that the disadvantage was suffered
at the request of the promisor expressed or implied:
*Handrahan* v. *O'Regan*, 45 Iowa, 298; Sm. L. C. 9th Ed.
302; *Cook* v. *Bradley*, 7 Conn. 57; 18 Am. Dec. 79.

*Fred. L. Keenan*, for Respondents.

Appellant relies on the refusal of the court to permit
it to answer, as error.   The circuit court can try only
issues made in the justice's court, and has no power to
make amendments changing the issues tried therein:
*Currie* v. *S. P. Co.* 21 Or. 566; 28 Pac. Rep. 884; Hill's Code,
§ 2130; *Odell* v. *Gotfrey*, 13 Or. 466.

The counsel for appellant relies on *Rohr* v. *Baker*, 13
Or. 350, which is clearly distinguishable from this case,
in that there was no subsequent promise to pay.   In order
to make a defendant liable he must either have requested
the performance of the service, or after he knew of the
service, must have promised to pay for it:   *Glenn* v. *Sav-
age*, 14 Or. 567; *Force* v. *Haines*, 17 N. J. L. 385; 1 Par.
Con. 469, note A, and *447, 472.

The promisor was free to refuse the benefit; *i. e.*, the
warrant authorizing payment, without which the mere
doing of the work would be of no benefit: *Doty* v. *Wilson*,
14 Johns. 378; *Gleason* v. *Dyke*, 22 Pick. 373; *Hicks* v.
*Burhans*, 10 Johns. 243; *Abbot* v. *Herman*, 7 Me. 118; *Hatch*

v. *Purcell*, 21 N. H. 544; *Ingraham* v. *Gilbed*, 20 Barb. 151, 153.

Though in general a past consideration will not support a promise at law, there are nevertheless cases in which a past or executed consideration will be supported by an implied antecedent request, where for instance the party sought to be charged has derived benefit from that which is alleged to be the consideration for his promise. The slighest consideration will be held sufficient to support a promise: *Pool* v. *Horner*, 64 Md. 131; *Dyer et al.* v. *McPhee*, 6 Col., 174; and a benefit, however slight, will be sufficient to uphold it: *Seymour* v. *Town of Marlboro*, 40 Vt. 171.

MOORE, J.—Hill's Code, § 581, makes the writ of review concurrent with an appeal. The plaintiffs could have taken an appeal or could have had the action of the justice's court reviewed. They chose to take an appeal, and the only issue the circuit court could try on the appeal was the one raised in the justice's court upon the demurrer: Hill's Code, § 2130. The circuit court had no authority to allow an answer to be filed after the demurrer was overruled, as this would have changed the issue made in the justice's court from one of law to that of fact: *Currie* v. *Southern Pacific Co.* 21 Or. 566 (28 Pac. Rep. 884). Under the statute as it now exists, a demurrer is a very dangerous pleading in a justice's court, as the party aggrieved may take an appeal instead of review, and the circuit court can try nothing but the issues made in the justice's court, and has no authority upon appeal to allow any change to be made in the issues, nor can it upon appeal remand the cause for further action to the justice's court.

This disposes of all the questions presented in this appeal except the one raised in the justice's court. Did the complaint state facts sufficient to constitute a cause of action? The gist of the action grows out of the request for the performance of the services and the

promise to pay therefor. To make one liable upon such·
a contract, it is not enough to allege and show that
the defendant had received a benefit, but it must appear
in addition that the defendant had either requested the
performance of the service, or that when he knew the
service had been performed, he promised to pay for the
same: *Glenn* v. *Savage*, 14 Or. 577 (15 Pac. Rep. 442).
·'As the law will imply a promise to pay from a previous
request, so it will imply a request on proof of certain cir-
cumstances and the beneficial nature of the services ren-
dered" on the promise to pay for the same: *Force* v.
*Haines*, 17 N. J. L. 412. Any act done for another with-
out his request is deemed in law a voluntary courtesy,
for which no action can be sustained. Such actions are
founded upon contract, and there must have been a legal
obligation to do the act on the part of the defendant, or
the services must have been beneficial to him, and a sub-
sequent promise to pay. before any recovery can be had.
Two of these three must always exist—legal obligation,
beneficial service, or subsequent promise. If the defend-
ant was not legally bound to do the thing himself, or the
services were not beneficial, the subsequent promise
would not make him liable; if he was legally bound to
do the act himself, and the services were not beneficial,
or he did not subsequently promise to pay for the same,
there could be no recovery. Necessaries furnished a
minor constitute an exception to this universal rule.
Many cases have been cited to support the theory that
there was no consideration to support the alleged promise.
In the case of *Rohr* v. *Baker*, 13 Or. 350 (10 Pac. 627),
work had been done by mistake on Baker's contract by
Rohr, and this court held that there could be no recovery
as there had been no previous request nor subsequent
promise. Such was the decision in *Dawson* v. *Dawson*,
12 Ia. 513, and *Bartholomew* v. *Jackson*, 20 Johns. 28 (11
Am. Dec. 237). If the defendant derives no benefit from
the transaction, there is no consideration for the subse-
quent promise: *Frear* v. *Hardenburg*, 5 Johns. 277 (4 Am.

Dec. 256); *Balcom* v. *Craggin*, 5 Pick. 295. If it were intended at the time the services were rendered that they should be gratuitous, no subsequent promise would make the defendant liable: *Allen* v. *Bryson*, 67 Ia. 596 (25 N W. Rep. 820); *Shepherd* v. *Young*, 8 Gray, 152, (69 Am. Dec. 242.) Where there is no legal obligation, a subsequent promise will not make the defendant liable: *Snevily* v. *Read*, 9 Watts (Pa.), 402; *Dearborn* v. *Bowman*, 3 Met. 155; *Mills* v. *Wyman*, 3 Pick. 207. The rule may be formulated in the negative as follows: If the consideration be past and the party derives no benefit from it, or if he was not legally bound to pay for the services, or if the services were intended to be gratuitous at the time they were rendered, the subsequent promise, in the absence of a previous request, would be *nudum pactum*. The converse is also true. If the consideration be past and the party derives a benefit, or if he is legally bound to pay, the subsequent promise implies a previous request, the legal effect of which is the same as if it existed from the beginning, and the contract will be enforced.

Applying this rule to the complaint, does it state a sufficient consideration to support the alleged promise? It states that the defendant received and retained the sixty dollars and thirty cents, the benefit of the labor, which was the consideration for the promise. "A consideration is some benefit or advantage accruing to the the party promising": *Buchanan* v. *International Bank*. 78 Ill. 500. The complaint, having alleged that in consideration of plaintiffs having done the labor and furnished the material by mistake on defendant's contract, and defendant having received the benefit thereof and retained the same, had thereafter expressly promised to pay the amount to plaintiff, which the demurrer admits, thereby raised an implied request on the part of the defendant to the plaintiff to do the work and furnish the material, is sufficient.

The complaint having stated sufficient facts to constitute a cause of action against the defendant, there was

no error in overruling the demurrer.   It follows that the judgment of the circuit court should be affirmed.