Decided at PENDLETON, July 18, 1896.

## WAGGY *v.* SCOTT.
[45 Pac. 774.]

1. GENERAL DEMURRER — PLEADING.— A general demurrer to a complaint containing several causes of action is not well taken if a cause of action can be found anywhere in the pleading: *Ketchum* v. *State*, 2 Or. 103; *Toby* v. *Ferguson*, 3 Or. 27; *Simpson* v. *Prather*, 5 Or. 86, approved and followed.

2. JOINDER OF CAUSES OF ACTION — CODE, § 93.— A cause of action to recover damages for breach of a contract is a cause *ex contractu*, and may be properly joined with a ˙cause seeking to recover for goods sold and delivered: Code, § 93.

3. AMENDING PLEADINGS ON APPEAL FROM JUSTICE'S COURT — LAWS, 1893, p. 38.— Laws, 1893, p. 38, authorizing the substitution of formal pleadings in ˙the circuit court on appeal from justice's court, when required by the court˙ or either party, does not change the established rule of practice prohibiting the filing of amendments or new pleadings changing the issues on which the case was tried below; and where a demurrer to a complaint or bill of items was sustained by the justice, but overruled on appeal, the defendant is not entitled to answer: *Moser* v. *Jenkins*, 5 Or. 447; *Currie* v. *Southern Pacific Company*, 21 Or. 556, and *Forbis* v. *Inman*, 23 Or. 68, approved and followed.

From Baker: ROBERT EAKIN, Judge.

This is an action commenced by Jerry Waggy against the partnership of Scott and Company in the Justice's Court of District Number One of Baker County, to recover damages resulting from the

breach of a parol agreement, and also the reasona-
ble value of goods, wares, and merchandise sold and
delivered. It is alleged in the first cause of action
that the defendants, for a valuable consideration,
promised and agreed to deliver to the plaintiff
twenty-five thousand feet of lumber, of the reasona-
ble value of seven dollars per thousand feet; that they
delivered four thousand four hundred and seventeen
feet only, and that by reason of the premises and
of the defendants' failure to deliver the remainder
of the lumber plaintiff was damaged in the sum of
one hundred and forty-eight dollars and eight cents.
And for a second cause of action the plaintiff alleges
the sale and delivery to the defendants of certain
goods, wares, and merchandise of the reasonable
value of fourteen dollars and sixty-seven cents, no
part of which had been paid, for which sums judg-
ment was demanded. To this complaint the defend-
ants demurred, assigning the following grounds
therefor: "*First,* that the said complaint does not
state facts sufficient to constitute a cause of action;
and, *second,* that two causes of action are improp-
erly joined in said complaint, to wit, the action for
damages is joined with the action in assumpsit on
an implied contract." The demurrer having been
sustained, and the plaintiff refusing to further plead,
judgment was rendered against him for the costs
and disbursements of the action, from which he ap-
pealed to the circuit court of said county, which
overruled the demurrer. The defendants thereupon
moved the court for leave to file an answer, which
being denied, judgment was rendered against them

for the amount demanded, from which latter judgment they appeal.                    AFFIRMED.

For appellants there was a brief by *Messrs. Olmstead and Courtney*, with an oral argument by *Mr. Martin L. Olmstead*.

For respondent there was a brief and an oral argument by *Mr. William Smith*.

Opinion by MR. JUSTICE MOORE.

1.   The first ground of the demurrer admitted the truth of the probative facts alleged, and if the whole or any part of the complaint can be resolved into a cause of action, the general demurrer is unavailing to challenge its sufficiency: *Ketchum v. State*, 2 Or. 103; *Toby v. Ferguson*, 3 Or. 27; *Simpson v. Prather*, 5 Or. 86; *Jackson v. Jackson*, 17 Or. 110 (19 Pac. 847); Bliss on Code Pleading, § 417. And the statement in the second count being clearly sufficient to constitute a cause of action, the court very properly overruled the general demurrer.

2.   It is contended that the causes of action stated in the complaint are improperly joined, and that the court erred in overruling the special demurrer. Section 93, Hill's Code, provides that "The plaintiff may unite several causes of action in the same complaint when they arise out of,— 1. Contract, express or implied.   *   *   *   But the causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated." The causes of

action having been separately stated, each triable
in the same place, and affecting alike all the par-
ties thereto, the only question for consideration on
this branch of the subject is whether the first
cause of action arose out of contract. An examin-
ation of that part of the pleading will disclose
that it is an action for the recovery of damages
for the nonperformance of a parol contract, and at
common law would have been designated an action
in *indebitatus assumpsit* on a promise to pay by
chattels: 1 Chitty's Pleading, *99; 2 Chitty's Plead-
ing, *38. Assumpsit is always considered an action
*ex contractu*, so there can be no doubt that the
plaintiff's first cause of action arose out of con-
tract, and was properly joined; and this being so,
the court properly overruled the special demurrer.

3. The remaining question is whether the court
erred in refusing to permit the defendants to file
an answer. They contend that section 7 of an
act of the legislative assembly approved February
twentieth, eighteen hundred and ninety-three, (Ses-
sion Laws, 1893, p. 38,) authorizes the filing of an
answer on appeal in the circuit court under the
circumstances hereinbefore stated. This section pro-
vides that "In all cases of appeal, the bill of
items of the account sued on or filed as a counter-
claim or set-off, or the statement of the plaintiff's
cause of action, or of the defendant's counterclaim
or set-off, or other ground of defense, filed before
the justice, may be amended upon appeal in the
appellate court to supply any defect, deficiency,

or omission therein by filing formal pleadings therein, when by such amendment substantial justice will be promoted; and in all cases, when required by the court or by either party to the action, formal pleadings shall be filed on either side upon the trial of the cause on appeal. When either party requires such formal pleadings, he shall cause to be served on the opposite party a notice thereof in writing, and file the same in the court where the cause is pending, by the first day of the term of such court at which such cause is to be tried; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment."

An examination of the act in question shows that it was the intention of the legislative assembly to simplify proceedings in justice's courts, and to permit issues to be joined and action tried without the necessity of formal pleadings, but we can not think that the act warrants the filing of an answer raising an issue of fact in the circuit court on appeal not made in the justice's court. The act does permit formal pleadings to take the place of the bill of items of an account filed by the plaintiff, and the counterclaim or set-off filed by the defendant, in the justice's court; but such amendment is allowable in the circuit court only when no formal pleadings have been filed in the justice's court from which the appeal is taken. In the case at bar the defendants relied on their demurrer, and, not having filed any counterclaim

or set-off or other ground of defense in the justice's court, cannot invoke the aid of the act in question.

In *Moser* v. *Jenkins*, 5 Or. 447, it was held that no amendment of the pleadings substantially changing the issues tried in the justice's court was allowable in the circuit court on appeal. In *Currie* v. *Southern Pacific Company*, 21 Or. 566, (28 Pac. 884,) it was held that the circuit court, on appeal from the justice's court, had no authority to allow an answer to be filed after a demurrer was overruled, as this would change the issue made in the justice's court from one of law to that of fact. This decision was approved and followed in *Forbis* v. *Inman*, 23 Or. 68, (31 Pac. 204,) and, in the absence of a statute to the contrary, has become a rule of practice in this state. It is a familiar principle that an appellate court can try only the issues which have been tried in the lower court. If the rule were otherwise issues of fact would rarely be tried in the justice's court, for by filling a demurrer judgment could be rendered, and on appeal the issues could be settled and tried in the circuit court, thus practically dispensing with a trial in the justice's court. These inferior courts are established for the trial of actions which do not involve great amounts or principles, and the party who seeks the aid of such a court is afforded by the act in question a ready means of having his action there tried on its merits. There being no error in the record, it follows that the judgment is affirmed.

                                        AFFIRMED.