On the merits argued December 3, decided December 29, 1908,
rehearing denied February 9, 1909.

## KIEFFER v. VICTOR LAND CO.

[90 Pac. 582; 98 Pac. 877.]

APPEAL—FAILURE TO SEND UP TESTIMONY—DISMISSAL.

1. A failure to send up all the testimony in an equity suit is not ground
for the dismissal of an appeal.

PROCESS—SERVICE—PUBLICATION—ORDER—SUFFICIENCY.

2. An order for publication of summons, stating that defendant "is with-
out the State of Oregon and is now a resident of this State, and has been
absent therefrom for more than six weeks prior to the commencement of the
suit," was not materially defective for stating that defendant was then a,
resident; it being clearly a clerical mistake, and the order further reciting
that defendant's address was Dawson City, in Yukon Territory.

QUIETING TITLE—PROCEEDINGS—PROCESS—SERVICE BY PUBLICATION.

3. Under Section 516, B. & C. Comp., permitting one claiming an interest
in land and not in actual possession thereof to bring a suit in equity against
any claimant of an adverse interest to determine such conflicting interest,
and Section 400, authorizing service of summons by publication upon a non-
resident defendant in such suit, such service is sufficient to give the State
courts jurisdiction to remove clouds from title to land within the State, or to
quiet title thereto.

MORTGAGES—LIEN—TITLE OF MORTGAGOR—NOTICE OF DEFECTS.

4. A mortgagee of land, without notice of any latent infirmity in the
decree under which the mortgagor claimed title, had a valid and enforceable
lien thereon.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ENFORCEMENT OF
ASSESSMENTS—SETTING ASIDE SALE—RIGHTS OF PURCHASERS—RE-
FUND OF ASSESSMENT AND TAXES.

5. In a suit to set aside proceedings under which plaintiff's property was
sold to satisfy a special assessment against it, and proceedings by which title
was quieted in the purchaser thereof, upon setting aside the proceedings,
plaintiff must return the amount of the assessment paid by the purchaser
and taxes paid by the various purchasers since its sale.

From Multnomah: MELVIN C. GEORGE, Judge.

This is a suit by John J. Kieffer against the Victor
Land Co., a corporation, A. L. Helman and Odile F.
Collins, to set aside a deed executed by the chief of
police of the City of Portland to certain property in
said city, sold under a warrant issued for the collection
of a delinquent sewer assessment.

From a decree in part for plaintiff he appeals.

AFFIRMED.

Decided January 18, 1907.

## ON MOTION TO DISMISS.

[90 Pac. 582.]

*Mr. Frank Schlegel* for the motion.

*Mr. William M. LaForce, contra.*

PER CURIAM: 1. This is a motion to dismiss an appeal as a suit in equity, on the grounds: (1) That the printed abstract does not contain an index or assignment of errors; and (2) that the transcript of the evidence does not include all the testimony given in the court below. The omission of an index and an assignment of errors in the abstract was due to an oversight, and a sufficient showing has been made to justify the court in allowing the abstract to be amended in that regard.

A failure to send up all the testimony in an equity suit is no ground for the dismissal of an appeal. The pleadings and findings of fact may present questions for review in this court.

The motion to dismiss will therefore be overruled, and any defect in the testimony can be urged upon the final hearing, if the appellant seeks to have reviewed the findings made by the trial court.

MOTION OVERRULED.

Decided December 29, 1908.

## ON THE MERITS.

[98 Pac. 877.]

Statement by MR. CHIEF JUSTICE BEAN.

In 1898 plaintiff was the owner of lot 16, block 9, in Multnomah, in this State. About that time he removed to Dawson City, Yukon Territory, and during his absence the property was sold under a warrant, issued for the collection of a delinquent sewer assessment, levied against the property by the City of Portland, and was purchased

by one Bingham, for the amount of such assessment. Bingham subsequently assigned the certificate of purchase to the defendant company, and on September 16, 1902, a deed was duly executed, by the chief of police, conveying to it the property in question.

On September 25th it commenced a suit in the circuit court for Multnomah County against plaintiff to quiet its title to the property. Service of summons was had upon the plaintiff by publication, and, as he defaulted, a decree was rendered on November 14th adjudging and decreeing that the land company was the owner in fee of the premises in question, and plaintiff, Kieffer, had no right, title, interest, or estate therein, and that he be forever barred and foreclosed from asserting any claim thereto. Thereafter the land company sold and conveyed the property, by warranty deed, to one Murdock, who sold it to defendant Helman, who borrowed $1,000 of defendant Collins, with which to erect a building thereon, securing the same by a mortgage on the property.

In the fall of 1904, Kieffer returned to Portland, and in June following commenced this suit to set aside the proceedings, which attempted to divest him of his title, alleging that the assessment proceedings were irregular and void, and the decree of the court, in favor of the land company, quieting its title to the premises, was based upon a fraudulent complaint and a fraudulent affidavit for publication of summons.

The defendant land company answered, denying the allegations of the complaint, and setting up affirmatively the assessment proceedings and the suit to quiet title. The defendants Helman and Collins answered jointly, denying the averments of the complaint, and pleading the proceedings and decree in the suit brought by the land company against Kieffer to quiet title, and averring that Helman purchased and Collins loaned the money and took a mortgage on the property without notice or knowledge of any defect in the title. The court below

held the assessment proceedings and decree void, and that plaintiff was the owner of the property, subject, however, to a lien thereon, in favor of the land company and Helman, for the amount of taxes and assessments paid by them, and in favor of defendant Collins for the amount of money loaned by her to defendant Helman, and in case such money, with interest, shall not be paid by plaintiff within 30 days from date of decree, the property shall be sold to satisfy the same. From such decree plaintiff appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William M. LaForce.*

For respondent there was a brief over the names of *Mr. Frank Schlegel* and *Mr. J. H. Middleton,* with an oral argument by *Mr. Schlegel.*

Opinion by MR. CHIEF JUSTICE BEAN.

2. The decree of the court below should be affirmed. The proceedings in the suit brought by defendant land company against plaintiff to quiet its title to the property in controversy are regular and valid upon its face. It is suggested that the order for publication of summons is void, because it is stated therein that plaintiff was a resident of Oregon at the time; but this is without merit.    The affidavit for publication of summons shows all necessary jurisdictional facts.    In the order it is recited "that the defendant herein, John J. Kieffer, is without the State of Oregon, and is now a resident of this State, and has been absent therefrom for more than six weeks prior to the commencement of this suit." The omission of the word "not," between the words "is" and "now," is manifestly a mere clerical error, for further on in the order the court finds that "the residence and postoffice address of said defendant is Dawson City, Yukon Territory," and directs that a copy of the complaint and summons be forthwith deposited in the postoffice addressed to him at that place.

3. The proceedings were therefore sufficient, until impeached by evidence *aliunde* the record, to divest plaintiff of the title to this property. The statute (Section 516, B. & C. Comp.) provides that any person claiming any interest in real estate not in the actual possession of another may maintain a suit in equity against another who claims an interest or estate theerin adverse to him, for the purpose of determining such conflicting or adverse interest, and section 400 authorizes the service of summons by publication upon a non-resident defendant in such a suit. Such a service is therefore sufficient to give the courts of this State jurisdiction to remove clouds upon title to land within its boundaries, or to quiet title therein. 17 Enc. Pl. & Pr. 324; Reno, Non-Residents, § 225; *Arndt* v. *Griggs,* 134 U. S. 316 (10 Sup. Ct. 557: 33 L. Ed. 918).

4. There is no evidence that Mrs. Collins had notice or knowledge of any infirmities in the decree at the time she made the loan to her co-defendant, Helman, and took a mortgage upon the property to secure payment thereof. Her mortgage is therefore a valid lien upon the property, and she is entitled to have it enforced.

5. The other items charged against the property by the court below were for taxes and assessments paid by the land company and Helman, and were properly charged thereon.                AFFIRMED.