Argued Feb. 1, decided Feb. 23; rehearing denied April 12, 1910.
    Respondent's motion for rehearing denied May 17, 1910.

# MEYER v. LIVESLEY.

[107 Pac. 476; 108 Pac. 121.]

CONTRACTS—CONSTRUCTION.

1. Where pending appeal in an action to recover a hopyard, after plaintiff had cultivated the current crop to picking time, defendant agreed that plaintiff should cure and put same in a warehouse until the appeal was determined, and that he should be compensated for his services, such agreement only constituted a promise to pay for such services as were necessary to cure and care for the hops thereafter.

WORK AND LABOR—ACTION FOR SERVICES—QUASI CONTRACT.

2. In order to recover for services not performed at defendant's request, plaintiff must show, not only that the services were beneficial to defendant, but that there was a subsequent promise to pay for them.

CONTRACTS—SERVICES—CONSIDERATION.

3. Where pending litigation to determine plaintiff's right to the possession of a hopyard of which he was in actual possession, it was agreed that he should harvest the hops and retain them in a warehouse until the suit was decided, when they would be divided according to the decision, and that he should receive pay for his services, his agreement to store the hops and await the decision before selling them was a sufficient consideration to uphold the contract.

JUDGMENT—MERGER AND BAR.

4. Where pending litigation as to plaintiff's right to a hopyard, defendant agreed that plaintiff should harvest the current crop, and hold it until the case was decided, and that plaintiff should receive compensation for his services, such agreement was independent of the lease under which plaintiff claimed possession, and also of the prior litigation, so that the judgment therein in favor of defendant was no bar to plaintiff's action to recover for his services on the contract.

CONTRACTS—"SERVICES."

5. Where defendant agreed to pay for plaintiff's "services" in caring for, harvesting, and warehousing certain hops, the term "services" was not limited to plaintiff's personal labor, but included expenditures necessary in harvesting the crop.

CONTRACTS—CONSIDERATION—PRE-EXISTING OBLIGATION.

6. The doing or promising to do what one is already bound to do, is not a consideration sufficient to support a contract, and such existing obligation may be imposed by law independent of contract, or result from a subsisting contract.

MONEY PAID—PROMISE TO PAY.

7. Where expenditure was made for the benefit of the person making it, but proved of no benefit to him, but benefited others, who promised to pay for it, the person making the expenditure could recover on the promise.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by J. W. Meyer against T. A. Livesley and John J. Roberts, partners doing business under the firm name and style of T. A. Livesley & Co., to recover upon a contract for money he expended in cultivating and harvesting a crop of hops. The contract set out in the complaint is:

"That the plaintiff herein prior to and during the month of September, 1904, at the special instance and request of the said defendants, picked, cultivated, harvested, cured, and baled the entire crop of hops grown on said premises for the year 1904, consisting of 152 bales of said hops, and expended therefor the sum of $3,185, and the said defendants promised and agreed at said time to repay to said plaintiff all moneys so expended by him in harvesting, cultivating, picking, curing, and baling said hops, as soon as the Supreme Court should render a decree in the suit hereinbefore mentioned between the parties herein."

The defendants had a lease of the hop-yard of I. M. Simpson for the years 1900 to 1904, and for the years 1903 and 1904 sublet it to W. D. Huston, who, for the year 1904, sublet it to plaintiff. The expense of raising and harvesting the crop of 1904 is the subject of this action. The plaintiff attempted to take possession of the yard in January, 1904, under the lease and assignment. Defendants also attempted about the same time to take possession for a breach of the conditions of the lease by Huston. Thereupon plaintiff brought an injunction suit to prevent the defendants from interfering with his possession and thereafter remained in possession of the yard and crop until the crop was harvested, when defendants took possession of the hops. The case was decided against plaintiff in June, 1904, and he appealed. It is contended that the contract set out was made while that suit was pending in this court early in September, 1904, about the time hop picking commenced. After the decision of

that case (*Meyer* v. *Livesley,* 45 Or. 487: 78 Pac. 670: 106 Am. St. Rep. 667) defendants took possession of the hops and plaintiff brought an action of trover for the conversion, contending that, although he had no right to the hop-yard, yet he had raised the crop, and it had been severed and removed; therefore it belonged to him. This action was also decided against him: *Meyer* v. *Roberts,* 50 Or. 81 (89 Pac. 1051: 12 L. R. A. (N. S.) 194: 126 Am. St. Rep. 733). Thereupon he brought this action. Defendant answered the complaint, denying the contract and pleading in bar of the action, the former decree and judgment, and also that plaintiff is estopped thereby from maintaining this action. The case was tried by a jury, and a verdict and judgment thereon were rendered in favor of plaintiff. Defendants appeal.

REVERSED.

For appellant there was a brief with oral arguments by *Mr. Wirt Minor* and *Mr. William M. Kaiser.*

For respondent there was a brief over the names of *Mr. John H. McNary, Mr. Charles L. McNary* and *Mr. Walter C. Winslow,* with oral arguments by *Mr. Charles L. McNary* and *Mr. Winslow.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. It is first urged by defendants that the contract as testified to by plaintiff's witness does not include expenses incurred prior to the time of the agreement. There was but one witness, John H. McNary, on the part of the plaintiff to the terms of the agreement, and he states it as follows:

"I saw Livesley. * * It was about the first of hop picking as I recollect it. He said to me: 'What is Meyer going to do with those hops?' referring to the hops raised on the I. M. Simpson hopyard. I think I told him that I presumed he would pick them and take care of them. 'Well,' he said, 'what are you going to do with them then?'

Sig. 13

I said 'I don't know.' 'Well,' he said, 'I want you to tell Meyer to take care of those hops and save them and put them in the hophouse, and leave them there until the Supreme Court decides this case.' And he said, 'Don't let him move them outside of Polk County, and, after the decision is rendered, we will divide up the hops accordingly'; and in effect that the hops were to be divided according to the decision of the Supreme Court, and Mr. Meyer would be compensated for his services."

After a motion for nonsuit had been interposed, witness McNary was recalled, on the ground that there had been an omission from the reporter's notes of part of his testimony, and he testified:

"His statements were substantially this: That Mr. Meyer should go ahead and take care of those hops and pick them, cure and bale them and put them in the warehouse and leave them there, and, when the thing was over, that he was to be paid for his services."

Mr. Livesley denied the making of the contract, but the weight of the evidence was for the jury. The question upon this appeal is: If Mr. McNary's statement of the agreement be taken as true, what was the contract? There is nothing in these statements of the witness that can be construed to include any services or expenditures accruing prior to the time of the agreement. The direction given by Livesley referred to what was to follow; that is, the taking care of the hops, picking, curing, and baling them and putting them in the warehouse. There is nothing in the language indicating that he assumed expenses already incurred. On the contrary, he was anticipating a decision by the Supreme Court in his favor, and sought to be assured that, in such event, the hops would be available to him, and his promise only referred to what was necessary thereafter to be done.

2. It appears that the services rendered prior to the date of the agreement sued upon were not performed at the request of defendants, and, to make them liable therefor, it must appear that the services were beneficial

to defendants, and that there was a subsequent promise by them to pay therefor. That the services were beneficial to defendants is shown, but the promise to pay is not. *Glenn* v. *Savage,* 14 Or. 577 (13 Pac. 442) ; *Forbis* v. *Inman,* 23 Or. 72 (31 Pac. 204.) Therefore defendants are not liable, and they cannot be held beyond the care thereafter bestowed which is within the promise.

3. It is also contended by defendants that there was no consideration for the agreement or promise by Livesley. The right to the possession of the hopyard was in dispute. Plaintiff, claiming to own it, was caring for the crop. If decided against him, he would be deprived of any right by virtue of his possession. However, he was still in possession, and, if the decision of the Supreme Court was not rendered before the crop was harvested, he might harvest it and sell the hops; and Livesley realized that in such event he might be left to his remedy to recover the rental value or damages for conversion, and it was to his advantage to have the crop cared for and retained subject to his rights. It was true Meyer was acting under his supposed lease in caring for the crop, but Livesley denied that he had a lease and was seeking to oust him from the yard. It might have been to plaintiff's advantage to sell the hops when baled; so the completion of harvesting the hops and storing them to await the decision of the court was a sufficient consideration to uphold the contract.

4. As to the work done after the date of the agreement sued upon, the services rendered were beneficial to defendants, and a promise thereafter to pay for it is based on a valuable consideration. *Glenn* v. *Savage,* 14 Or. 577 (13 Pac. 442) ; *Forbis* v. *Inman,* 23 Or. 72 (31 Pac. 204.) The injunction suit related to the ownership of the hopyard for the crop of 1904. The replevin action related to the ownership of the hops after they had been severed, while the present action concedes that defendants had no right to either, but that he has expended $3,185 thereon bene-

ficial to defendants and which they promised to repay. The agreement was made in contemplation of the uncertainty of the pending litigation, and was independent of and beyond the terms or obligations of the lease, and had no relation to the matters involved in the former suit or action, and plaintiff is not estopped nor the action barred thereby.

5. Defendants also contend that the contract testified to by McNary is to pay plaintiff for his services, and therefore cannot be extended to include expenditures. But the term "services" must be interpreted in the light of the request made to "go ahead and take care of those hops and pick them, cure and bale them, and put them in the warehouse and leave them there," until the case was decided; and the statement, "He would be paid for his services," necessarily refers to the things specified which could not be done by Meyer personally. He rendered no personal service, but it was all done by employes. In *Tracy* v. *Waters,* 162 Mass. 563 (39 N. E. 190), it is held that, in the assignment of a claim for money due or to become due to the defendant for services under a contract for the erection of a house, "the meaning of the word 'services' is broad enough to include expenditures as well as labor," and in *Somers* v. *Keliher,* 115 Mass. 165, it is said:

"The statute applies to the compensation for services; a term which involves more than the mere labor of the person by whom they are rendered, and may include expenditures as well as labor."

See, also, *Yost* v. *County of Scott,* 25 Minn. 366.

For the error in permitting proof of expenditures incurred prior to the time of the agreement, the cause is reversed and remanded.                REVERSED.

MR. JUSTICE SLATER having been of counsel in the original case in the court below, took no part in this decision.

Decided April 12, 1910.

Respondent's motion for rehearing denied May 17, 1910.

## ON PETITION FOR REHEARING.

[108 Pac. 121.]

6. The motion for a rehearing is urged upon the contention that the expenditure by plaintiff in harvesting, curing, baling, and storing the hops was the legal duty of plaintiff, and therefore, cannot constitute a consideration for defendant's promise to pay. It is the general rule, that doing or promising to do what one is already bound to do is not a consideration sufficient to support a contract. This existing obligation may be imposed by law, independent of contract or result from a subsisting contract. 9 Cyc. 347; Page, Cont. §§ 311,312.

7. In this case plaintiff's obligation was not one imposed by law. If it existed at all, it must have arisen out of contract; but it has been adjudicated that there was no contract between plaintiff and defendants, and, therefore, plaintiff owed them no contractual duty. He was held to be a trespasser. Defendants were not seeking to enforce the terms of the lease with Huston, under which they were to receive one-fourth of the crop when harvested, but to secure the whole crop, not under a contract, but against a trespasser. Plaintiff may have been liable to defendants on an undertaking given in the injunction suit; but, if so liable, it was not conditioned for the care and harvesting of the crop, or retaining it subject to the final decree in the suit, but to respond in damages if the injunction was wrongful. And even though much of the expenditure was made in expectation of winning the suit, and, therefore for his own benefit, but from which he derived no benefit, it was beneficial to defendants, and they promised to pay for it, and the promise is within the holding in *Forbis* v. *Inman,* 23 Or. 68 (31 Pac. 204).

Also the agreement included much more than was contemplated by the lease or due from plaintiff, if defendants were relying upon the lease; viz., it required him to store the whole crop of hops in the hop house and not move them out of Polk County until the decision of the Supreme Court. This was complied with, and was a sufficient consideration for the whole promise.

The motion is denied.

REVERSED: REHEARING DENIED.
RESPONDENTS' MOTION FOR REHEARING DENIED.