Argued March 9, decided April 4, rehearing denied May 16, 1911.

## PARKER *v.* DALY.

[114 Pac. 926; 115 Pac. 723.]

TAXATION—ILLEGAL TAX SALE—RIGHT OF PURCHASER TO REIMBURSEMENT.

1. The right of a purchaser at a void tax sale to compensation for his improvements depends upon the owner's knowledge or his duty to know of the tax and the proceeding against his property and acquiescence therein, and where the owner acquired title to the land as a homestead, receiving his patent in 1896, and left the county at about that time, and it did not appear that he had notice of a pretended tax levied upon the property prior to issuance of the patent or of the sale of his property for nonpayment thereof, or that he was guilty of negligence or fraud in relation thereto, the purchaser of the land at the void tax sale was not entitled upon being ousted by the owner to receive reimbursement for the value of improvements made thereon by him.

TAXATION — PAYMENT — RIGHTS OF PERSONS MAKING PAYMENT AS AGAINST PERSONS OR PROPERTY LIABLE.

2. Where a person pays taxes which have or have not been assessed to him, such payment, if voluntary and without subsequent promise of a person benefited to repay him, imposes no obligation or liability upon another having interests in the property, since no man can make another his debtor against his will.

JURY—RIGHT TO JURY TRIAL—EQUITABLE RELIEF IN ACTIONS AT LAW.

3. When defendant in ejectment brings a cross-bill to interpose equitable defenses under Section 390, Lord's Oregon Laws, which shall stay the proceedings at law, so that the case will thereafter proceed as a suit in equity, in which the ejectment action may be perpetually enjoined, the party to the law action is entitled to have the issues therein tried by a jury.

From Columbia:  THOMAS A. McBRIDE, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

John Daly, this defendant, commenced an action in ejectment against this plaintiff, Newton J. Parker, to recover the E. ½ of the S. E.¼., section 27, township 5 N., range 4 W., W. M., in Columbia County. Plaintiff relying upon a tax title and adverse possession, and for the purpose of recovering the value of improvements made, in case his title fails, brings this suit as a cross-bill, alleging that his remedy at law is inadequate; that he has been in possession of the premises since October 25, 1898, and has made improvements thereon of the value of $2,500, which have enhanced the property in that amount. In the prayer he asks that, in case he is unable to maintain his title to the premises, he have a decree requiring defendant to compensate him for the amount the improvements have enhanced the premises. The lower court found that plaintiff had not acquired title by the tax sale, nor by adverse possession, but that he in good faith entered into possession of the property by virtue of the pretended tax sale, and has occupied and improved the premises for about nine years in the belief that he has a good title; that the improvements made by him have enhanced the property in the amount of $750.

A decree was rendered that plaintiff has a lien on the premises for that amount with interest; that defendant be allowed to redeem the same within 90 days, in default of which the property shall be sold as in cases of foreclosure of liens for the satisfaction of the lien; and that upon such redemption defendant Daly shall be entitled to the possession of the premises, and not otherwise. Defendant appeals.        REVERSED: SUIT DISMISSED.

For appellant there was a brief over the names of *Messrs Graham & Cleeton* and *Mr. Horace B. Nicholas,* with an oral argument by *Mr. T. J. Cleeton.*

For respondent there was a brief over the names of *Mr. Loring K. Adams,* and *Mr. Omar C. Spencer,* with an oral argument by *Mr. Spencer.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. Daly acquired title to the premises as a homestead, the final receipt being dated April 22, 1896, and the patent having been issued June 26, 1896. Plaintiff has not appealed. Therefore the only questions to be determined are whether plaintiff has a lien upon the premises for the value of the improvements, and, if so, how much are they enhanced by such improvements. C. L. Parker, plaintiff's father, on October 25, 1898, purchased the property for taxes levied for the years 1890 and 1891, for the sum of $34.25, the amount of such taxes, costs, and penalties. Plaintiff took an assignment of the certificate of sale from his father, paying him the same consideration therefor. He entered into possession thereof about the date of the sale. The time for redemption under the sale expired on October 25, 1900. On February 26, 1901, he received a tax deed from the sheriff therefor, and during the time of his possession made extensive improvements thereon.

First, it is necessary to determine under what circumstances the purchaser in possession of real estate is entitled to recover the value of his improvements when ousted from possession by the owner. In *Hatcher* v. *Briggs,* 6 Or. 31, in which a similar question was involved, it is held that where a purchaser for a valuable consideration, without notice of any infirmity in his title, has by his improvements added to the permanent value of the estate, he is entitled to a full remuneration for such added value, which the owner is bound to discharge before he can be restored to his original rights in the property. In the opinion in that case Mr. Justice McARTHUR follows the views expressed by Mr. Justice STORY in *Bright* v. *Boyd,* 2 Story ( C. C.) 607, Fed. Cas.

No. 1,876. In the first opinion in the latter case (1 Story 492, Fed. Cas. No. 1,875) he says that the fact that the defendant has stood by and allowed the improvements to be made without giving any notice to the plaintiff of any defects in his title of itself constitutes ground of relief "and the duty of compensation in such cases, at least, to the extent of permanent increase of value, is founded upon the constructive fraud, or gross negligence, or delusive confidence held out by the owner." The same principle is followed by Mr. Chief Justice BEAN in *Kieffer* v. *Victor Land Co.*, 53 Or. 174, 177 (90 Pac. 582; 98 Pac. 877). Blackwell begins his discussion of this question (2 Blackwell, Tax Titles, § 1009) by giving a summary of the subject, in which he states that, if the purchaser has acted in good faith in regard to his title and the making of the improvements, he should be allowed to put the value of such improvements against any claim for rents or profits; and if, with improvements untainted by bad faith, there coexists negligence or bad conduct on the part of the owner, in relation to the tax entering into the cause of the sale, the purchaser should in justice recover the value of the improvements. But where the owner has paid the taxes, or where the estate is sold for taxes that the owner was under no obligation to pay, and that he never is actually notified of the mishap to his land until the tax has ripened and the improvements are made, it is manifestly unjust to compel him to pay for the improvement. He is in no fault; that at common law the improvements could only be recouped against the rents and profits; that whatever may be the rule at common law, equity follows to a great extent the principles of the civil law, and will permit a recovery, even after eviction, for the amount that his improvements have added to the value of the estate; that equity will not allow the owner of the par amount title to stand by and let a *bona fide* holder make improvements and then refuse to

reimburse him. At Section 1012 he says that "where one, believing that he has title to a parcel of land, enters and erects a building upon it, and the owner stands by and permits him to go on with his improvements without giving him any notice of the adverse title, equity will decree to the occupant compensation." To the same effect is 1 Story, Eq. Jur. § 388. Thus it would appear that a purchaser's right in equity to compensation for his improvements depends upon the owner's knowledge, or his duty to know, of the tax and the proceeding against his property and acquiescence therein. So, also, in 2 Story, Eq. Jur. §§ 1237-1241, and notes, the equitable remedy is based upon the principle of fraud. To the same effect are Sections 799*a* and 799*b*, where he cites *Putnam* v. *Ritchie,* 6 Paige (N. Y.) 390, to the effect that equity will not give affirmative relief where there has been neither fraud nor acquiescence on the part of the owner; and note to Section 1241, Pomeroy's Eq. Jur., where it is said that to claim relief in equity "either the aid of a court of equity must be requisite on behalf of the owner against whom the claim for reimbursement is made, so that he can be compelled to do equity or else there must be some element of fraud in the transaction as ground of equitable interference." In *Keenan* v. *Portland,* 27 Or. 545 (38 Pac. 2), Mr. Justice MOORE says that, in the absence of fraud, the rule of *caveat emptor* applies to purchasers at tax sales; that it is the duty of the purchaser at such sale to examine the proceedings authorizing the sale, and if he purchases thereat, he does so on his own judgment. In a note to *Pitt* v. *Moore* (1888) 99 N. C. 85 (5 S. E. 389: 6 Am. St. Rep. p. 495), there is a very brief review of the cases upon this question, and in referring to the opinion of Judge STORY in *Bright* v. *Boyd,* 2 Story (C. C.) 607, Fed. Cas. No. 1,876, the author mentions several cases in which it has been followed, but says:

"Nor will a court of equity give to an occupant compensation for improvements, unless there are circumstances attending his possession which affect the conscience of the owner, and impose an obligation upon him to pay for them or allow for their value against a demand for the use of the property."

To the same effect is the note to *Barrett* v. *Stradl,* 9 Am. St. Rep. 805. In many of the states this remedy for improvements in such cases is covered by what is known as the "Betterment Act," and the rule of the common law that betterments can only be recouped against the use and occupation of the land has been greatly extended. While in Oregon we have no such statute except in recognition of the common-law rule, yet the equitable remedy is available either where the owner has been compelled to resort to equity for relief or where the purchaser has been ousted at law; and where the purchaser, for a valuable consideration, without notice of any infirmity of his title, has made improvements, he may place the amount that such improvements have added to the value of the premises against any claim for rents and profits, and, if there was any negligence or bad faith on the part of the owner in relation to the tax or the making of the improvements, the purchaser may recover the value thereof in excess of the rents and profits.

In the case we are now considering, there is no pretense that the property was liable for the tax. Daly had no taxable interest in the premises at the time of the levy, and therefore he was not negligent in not having it assessed or in failing to pay a tax upon it. He left the county about the time he acquired the title to the land, and it is not shown that he had any notice of the pretended tax or of the proceeding for the sale of the property for a delinquent tax, and was guilty of no negligence or fraud in relation thereto. The foundation of

plaintiff's pretended right is an alleged tax upon property not liable to taxation and in regard to which defendant owed no duty, and therefore this case does not come within the rule announced in *Hatcher* v. *Briggs,* where the title was acquired at a sale in a partition suit and the plaintiff received full value for the property; or in *Bright* v. *Boyd,* where the property was sold at an administrator's sale for full value, for the purpose of paying the debts of the estate; or in *Kieffer* v. *Victor Land Co.,* where the sale was under a void assessment for a street improvement tax, but for which the property was liable.

The decree of the lower court will be reversed, and the suit dismissed. REVERSED: SUIT DISMISSED.

MR. JUSTICE MCBRIDE took no part in this decision.

———————

Decided May 16, 1911.

ON PETITIONS FOR REHEARING.

[115 Pac. 723.]

Opinion by MR. CHIEF JUSTICE EAKIN.

A petition for rehearing was filed by plaintiff and also one by defendant. Plaintiff urges that the failure of defendant to pay the taxes on the land after he acquired the title thereto, and the payment thereof by plaintiff after the year 1896 (probably assessed to plaintiff), is a sufficient showing of negligence or at least acquiescence by the defendant in plaintiff's possession of the property and the expenditure of money thereon to constitute bad faith toward plaintiff, but this contention is without merit.

2. Whether the tax for the year 1896 and subsequent years was levied against plaintiff or against defendant, the payment thereof by plaintiff was a voluntary payment, which imposed no obligation or liability upon defendant, and could not create a right in plaintiff's favor.

"No man can make another his debtor against his will; as if a man pay my debt without my request, I am not bound to repay him." *Rohr* v. *Baker,* 13 Or. 350 (10 Pac. 627) ; *Glenn* v. *Savage,* 14 Or. 567 (13 Pac. 442) ; *Forbis* v. *Inman,* 23 Or. 68, 71 (31 Pac. 204) ; *Meyer* v. *Livesley,* 56 Or. 383 (107 Pac. 476).

To create a liability on the part of defendant in favor of plaintiff, there must have been an obligation on the part of plaintiff to pay the money, or if it was voluntarily paid, and it was beneficial to the defendant, there must have been also a subsequent promise by defendant to repay him. But, even if plaintiff has brought his payment of the taxes, levied subsequent to 1896, within this rule, it would not justify his possession of the lands so taxed. Defendant by his petition contends that the suit should not be dismissed, but that defendant should have the relief sought by the action of ejectment.

3. This suit is in the nature of a crossbill, by which plaintiff sought to avail himself of equitable defenses to the action of ejectment within the provisions of Section 390, L. O. L., "which shall stay the proceedings at law, and the case thereafter shall proceed as in a suit in equity, in which said proceedings may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree." The parties to the law action are entitled to have the issues therein tried by a jury, and the crossbill in such a case is only for the purpose of establishing the plaintiff's equitable defenses, and if valid, the law action may be perpetually enjoined; but, if the right to such relief is not established, then the trial of the action may proceed. This is recognized as the proper procedure in *Oatman* v. *Epps,* 15 Or. 437 (15 Pac. 709), and in *Finney* v. *Egan,* 43 Or. 1 (72 Pac. 136). In the latter case Mr. Chief Justice MOORE says:

"When the suit was terminated without any restriction in the final decree, the suspension of the action at law was necessarily ended, thus allowing the trial of the

action to proceed to final determination of the remaining questions involved therein."

The petitions for rehearing are denied.

REVERSED: SUIT DISMISSED: REHEARING DENIED.

Mr. Justice MCBRIDE took no part in this rehearing.