Argued January 30, decided February 6, 1912.

## MEYER *v.* LIVESLEY.

[120 Pac. 749.]

APPEAL AND ERROR—LAW OF THE CASE.
1. Excerpts from the brief and the opinion on a former appeal show-
ing that the contention that a certain matter barred plaintiff's right
of action was presented and considered, though not extensively dis-
cussed, a decision adverse thereto, constituting the law of the case
on a subsequent appeal, will be deemed made; the reversal being
only for error in admission of certain evidence.

APPEAL AND ERROR—HARMLESS ERROR.
2. The only matter in controversy being the value of plaintiff's
services in taking care of hops, which defendants were entitled to,
and which, it is conceded, they took possession of, any error as to
admission of evidence, as to defendants having obtained the possession
by artifice, was harmless.

From Marion: GEORGE H. BURNETT, Judge.

This is an action by J. W. Meyer against T. A.
Livesley and John J. Roberts, partners, doing business
under the firm name of and style of T. A. Lively &
Company.   From a judgment in favor of plaintiff,
defendants appeal.                                    AFFIRMED.

For appellants there was a brief over the names of
*Mr. Wirt Miner, Mr. Myron E. Pogue* and *Mr. William
M. Kaiser,* with an oral argument by *Mr. Miner.*

For respondent there was a brief over the names of *Mr. John L. McNary, Mr. Charles L. McNary* and *Mr. Walter C. Winslow,* with oral arguments by *Mr. Charles L. McNary* and *Mr. Winslow.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This action was before this court on appeal and is reported in 56 Or. 383, (107 Pac. 476: 108 Pac. 121). A full statement of the case is there given, and need not be repeated here.

In our judgment, every question, except some exceptions to rulings of the court on the introduction of evidence, is settled by the opinion above cited.

The principal contention of counsel for defendants is that, granting that there was sufficient evidence of a contract to pick and care for the hops and hold them, subject to the decision of the Supreme Court, in the case of *Meyer* v. *Livesley,* 45 Or. 487 (78 Pac. 670; 106 Am. St. Rep. 667), then pending on appeal, plaintiff failed to show performance, and that a suit, brought by him against Livesley for conversion of the hops (*Meyer* v. *Roberts,* 50 Or. 81: 89 Pac. 1051: 12 L. R. A. [N. S.] 194: 126 Am. St. Rep. 733), was a repudiation of the alleged contract. Precisely the same contention was made at the previous hearing. In their able brief on that hearing, counsel say:

"The plaintiff himself made default in the alleged contract when he sued for the alleged conversion of the the hops. This breach was in a most material matter. After such breach, he cannot sue on the express contract which he himself refused to perform."

In the opinion this court say:

"The replevin action related to the ownership of the hops after they had been severed, while the present action concedes that he had no right to either, but that he has expended $3,185 thereon beneficial to defendants, and which they promised to repay. The agreement was

made in contemplation of the uncertainty of the pending litigation, and was independent of and beyond the terms or obligations of the lease, and had no relation to the matters involved in the former suit or action, and plaintiff is not estopped nor the action barred thereby." 56 Or. 383 (107 Pac. 476: 108 Pac. 121.)

1. While not extensively discussed in the opinion, these excerpts show that the issue was presented by counsel and considered by the court, and, being a material issue, even if no allusion had been made to it in the opinion, it would be deemed to have been decided adversely to the claim of defendants, and would be the "law of the case" on a subsequent appeal. 3 Cyc. 398; *Smith* v. *Seattle*, 20 Wash. 613 (56 Pac. 389); *Smith* v. *Neff*, 123 Ill. 310 (17 N. E. 702); *Dilworth* v. *Curts*, 139 Ill. 508 (29 N. E. 861).

It is claimed that the refusal of the court to strike out the answer of the witness J. H. McNary, to a question propounded on cross-examination, was error. The whole colloquy is as follows:

Q. "Do you know what was done with the hops?"

A. "Yes; I do."

Q. "You know of your personal knowledge?"

A. "I know to my satisfaction. I do know; but I was not there."

Q. "Do you know what was done with the hops?"

A. "I was informed that Mr. Livesley took a copy of the decree of the Supreme Court, and went to the man that had possession of these hops in accordance with this understanding, and represented to him falsely that he had a mandate from the Supreme Court, compelling him to turn the hops over. The boy in charge was of a timid character, and by reason of these threats turned them over to him."

Counsel for defendants moved to strike out the answer as irrelevant, incompetent, and immaterial, and not responsive to the question. The answer seems to have been drawn out after the witness had practically

informed counsel that he knew nothing of his own knowledge; and, while it would have been the better practice to have stricken it out, we do not think that, under the circumstances disclosed in the testimony, the refusal to do so constitutes reversible error.

2. The previous decision of this court had settled the fact that defendants were entitled to the hops; and it was and is conceded that after the decision of this court, in *Meyer* v. *Livesley*, 45 Or. 487 (78 Pac. 670: 106 Am. St. Rep. 667), they took possession of them. The opinion on the last hearing left practically but one controverted question, namely, the value of plaintiff's services. The fact that defendants had taken possession of the hops by some artifice or deception could not possibly have affected the finding of the jury on this question. We are satisfied, after examining the whole testimony, that the court's ruling worked no substantial injury to defendants, and could not and did not affect the verdict.

The judgment is affirmed.                    AFFIRMED.

Mr. Justice BURNETT took no part in this decision.