Argued and submitted October 11, 1985, affirmed on appeal and cross-appeal
June 18, reconsideration denied August 1, petition for review denied
September 30, 1986 (302 Or 35)

# ROCKWOOD WATER DISTRICT,
*Plaintiff,*

*v.*

# STEVE SMITH CONTRACTING, INC. et al,
*Defendants,*

*and*

# ALLEN et al,
*Respondents - Cross-Appellants,*

*and*

# LAMBSON,
*Appellant - Cross-Respondent.*

(A8307-04500; CA A30744)

720 P2d 1332

J. William Bennett, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Joan W. Reese, Portland.

Fred Kopatich, Portland, argued the cause for respondents - cross-appellants. With him on the briefs were F. Gordon Allen, Joseph A. Yazbeck and Allen & Yazbeck, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff brought this interpleader action to resolve competing claims to a money judgment that defendant Steve Smith Contracting, Inc. (Smith), obtained against it. Defendants Allen & Yazbeck and American Fidelity Insurance Company (American Fidelity) claimed that their interests were superior to defendant Lambson's, who in turn claimed that his interest was superior. Each moved for summary judgment. The court granted the motions for summary judgment of Allen & Yazbeck and American Fidelity and awarded each of them its claimed portion of the fund. It denied Lambson's motion for summary judgment. Lambson appeals, and Allen & Yazbeck cross-appeal from the court's refusal to award them attorney fees against Lambson. We affirm both on the appeal and on the cross-appeal.

Smith retained Allen & Yazbeck as counsel in 1980 in anticipation of possible litigation arising out of a contract in which Smith agreed to perform work for plaintiff. In November, 1980, Allen & Yazbeck filed a complaint against plaintiff on Smith's behalf for breach of contract, and in December they entered into a fee agreement with Smith, which entitled them to one-third of any amounts collected in the litigation. On April 14, 1982, Smith obtained a judgment for $60,000 against plaintiff, plus interest, which this court affirmed without opinion on June 15, 1983. *Steve Smith Contracting, Inc. v. Rockwood Water District,* 63 Or App 529, 665 P2d 882 (1983). On April 30, 1982, Smith assigned his interest in the judgment to American Fidelity "except for all amounts due to Allen & Yazbeck, attorneys, pursuant to their fee agreement with [Smith]."

In an unrelated action, Lambson was awarded a judgment against Smith. On March 11, 1983, he obtained a writ of garnishment as to any funds held by plaintiff for Smith's benefit. On July 18, plaintiff filed a certification of garnishee stating that it still possessed the judgment proceeds due Smith but that the funds were subject to the Allen & Yazbeck attorney's lien and the assignment to American Fidelity. On July 21, Allen & Yazbeck filed a notice of claim of attorney's lien, and plaintiff filed this action.

In his brief, Lambson assigns as error that the court granted American Fidelity's and Allen & Yazbeck's motions

for summary judgment and denied his motion for summary judgment. Lambson's attorney, however, conceded at argument that the court's ruling on American Fidelity's motion was correct, and this court, upon the stipulation of counsel, subsequently dismissed Lambson's appeal against American Fidelity. Accordingly, the only issues on the appeal are whether the court was correct in granting Allen & Yazbeck's motion and denying Lambson's motion against them.

Allen & Yazbeck claim an attorney's lien against the disputed fund under ORS 87.445, which states:

> "An attorney has a lien upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in the client's favor and the proceeds thereof to the extent of fees and compensation specially agreed upon with the client, or if there is no agreement, for the reasonable value of the services of the attorney."

Lambson concedes that Allen & Yazbeck have an attorney's lien against the fund, but he argues that his interest is prior, because he filed his writ of garnishment before they filed their notice of lien.

■ The priority of Allen & Yazbeck's lien is governed by ORS 87.490(1), which provides:

> "Except for tax liens, prior encumbrances and prior liens of record on the real or personal property subject to the lien created by ORS 87.445, the lien created by ORS 87.445 is superior to all other liens."

Lambson argues that Smith's money judgment "is akin to personal property for purposes of [ORS 87.490(1)]" and that, therefore, Allen and Yazbeck's lien is not superior to his. We do not agree. When ORS 87.445 through ORS 87.490 are read together, it is apparent that the legislature deemed that a lien described in ORS 87.445 would be on one of three kinds of judgments: (1) "for a sum of money only," ORS 87.450(1); (2) "for the possession, award or transfer of personal property," ORS 87.455(1); or (3) "for the possession, award or conveyance of real property." ORS 87.460(1). Because the statute describes those three types of judgment liens separately, it must have considered them to be different. Indeed, it treated them differently. The notice of claim of lien on a judgment "for a sum of money only" must be filed within three years

(ORS 87.450); on a judgment for the possession, award or transfer of personal property, within one year (ORS 87.455); and on a judgment for the possession, award or conveyance of real property, within six months (ORS 87.460). Those three sections also prescribe different locations in which to file the notice of lien and different times in which to enforce the liens.

Moreover, because ORS 87.445 to ORS 87.490 are interrelated, we conclude that the legislature intended that the same words used in different sections, such as "personal property" in ORS 87.455 and ORS 87.490, have the same meaning. Lambson, indeed, does not point to anything to the contrary. This point has particular significance, because the reference to personal property in ORS 87.455 clearly refers to personal property in the nature of chattels. The notice of lien on judgments for the possession, award or transfer of personal property is filed with the recording officer of the county in which the personal property "is located" and the recording officer must record the notice "in a book called 'index of liens upon chattels.' "

We conclude that the words "personal property" used in ORS 87.490 mean something other than a money judgment. Accordingly, the exception clause in ORS 87.490 does not apply to liens on money judgments. If Lambson, therefore, has a lien on the Smith judgment, it is subordinate under ORS 87.490(1) to the lien of Allen & Yazbeck. The court did not err in granting summary judgment to them and in denying it to him.

■ On the cross-appeal, Allen & Yazbeck assigns as error that the court refused to award them attorney fees. They rely on ORS 87.485:

> "In suits to foreclose a lien created by ORS 87.445, the court shall allow a reasonable amount as attorney fees at trial and on appeal to the prevailing party."

They argue that the judgment "foreclosed" their lien[1] and that their claim in this interpleader action was a "suit to foreclose" within the meaning of the statute.

---

[1] The judgment stated:

"IT IS HEREBY ORDERED AND ADJUDGED that Allen & Yazbeck's lien for attorneys fees be foreclosed in the amount of $26,191.36. This lien, together with costs is prior to all other claimants."

Lambson argues that, because the lien was on a money judgment and not on real or personal property, the action did not involve "foreclosure," but only the question of priority. Alternatively, Lambson argues that even if some actions to enforce an attorney's lien on a money judgment might be "suits to foreclose," the claim of Allen & Yazbeck in the interpleader action here was not.

We need not decide whether Lambson's first argument is sound, because we agree with his second argument. Neither the attorneys nor the client in the action which resulted in the judgment on which the lien is based commenced the interpleader action. Moreover, Smith, Allen & Yazbeck's original client, did not assert any claim to the fund at the time when plaintiff filed the action. Under these circumstances, we hold that the action was not a "suit to foreclose" within the meaning of ORS 87.485. The court correctly denied Allen & Yazbeck's motion for fees.

Affirmed on appeal; affirmed on cross-appeal.