Argued and submitted December 15, 1993, remanded for entry of modified judgment in part; otherwise affirmed April 20, petition for review denied August 30, 1994

(320 Or 109)

Charles ROBINOWITZ,
*Appellant,*

*v.*

Frank POZZI
and Pozzi, Wilson, Atchison, O'Leary & Conboy,
a legal partnership,
*Respondents,*
*and*

Terry V. OLSON,
*Defendant.*

(9110-06387; CA A77451)

872 P2d 993

James N. Westwood argued the cause for appellant. With him on the briefs was Miller, Nash, Wiener, Hager & Carlsen.

Jeffrey M. Batchelor argued the cause for respondents. With him on the brief were Robert E. Maloney, Jr., W. Iain E. Levie and Lane, Powell, Spears, Lubersky,

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from summary judgments[1] for defendants[2] on his *quantum meruit* and foreclosure of attorney's lien claims and on defendants' counterclaim for attorney fees. We affirm in all respects but one.

Plaintiff, an attorney, represented defendant Olson on a contingent fee basis in a personal injury claim against a shipowner. He filed a lawsuit in federal district court, took depositions, prepared for trial and unsuccessfully opposed the shipowner's motion for summary judgment. After judgment was entered against Olson, plaintiff advised Olson that the court's decision was erroneous, that it should be appealed and that he was willing to represent him on appeal. However, Olson contacted defendants and asked them to represent him. At Olson's request, plaintiff gave his file to defendants for their review. After reviewing the file, defendants agreed to represent Olson on a contingent fee basis. Defendants admit they reviewed the file, but deny they made use of it. Instead, they claim they used what was public information on file with the court. Olson discharged plaintiff. Thereafter, plaintiff filed a notice of claim of an attorney's lien pursuant to ORS 87.445.[3] Defendants obtained a reversal of the summary judgment and ultimately a judgment for Olson against the shipowner in federal court.

Thereafter, plaintiff brought this action against defendants, alleging claims in *quantum meruit* and for foreclosure of his attorney's lien. The trial court granted defendants' motion

---

[1] The initial summary judgment involved plaintiff's claims against defendants Pozzi and Pozzi, Wilson, Atchison, O'Leary & Conboy. After the trial court dismissed those claims, defendants were granted summary judgment on the counterclaim for attorney fees.

[2] Defendants on appeal are Pozzi and Pozzi, Wilson, Atchison, O'Leary & Conboy. Following the initial summary judgment, plaintiff dismissed his claims against Olson. Olson is not a party to this appeal and when we refer to "defendants" in this opinion, we are not including Olson in that designation. Moreover, in this opinion, we address only defendants' liability to plaintiff. We do not determine what liability, if any, Olson may have to plaintiff.

[3] ORS 87.445 provides:

"An attorney has a lien upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in the client's favor and the proceeds thereof to the extent of fees and compensation specially agreed upon with the client, or if there is not agreement, for the reasonable value of the services of the attorney."

for summary judgment as to both claims and their subsequent motion for summary judgment on their counterclaim for attorney fees. ORCP 47B. Our standard of review is to determine whether, viewing the evidence in the light most favorable to the party opposing the motion, there is a genuine issue of material fact and whether defendants are entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

■　Plaintiff first assigns error to the judgment dismissing his *quantum meruit* claim. Plaintiff argues that he "performed valuable services in assisting Pozzi in recovering a judgment for Olson" and that he "is entitled to reasonable attorney's fees of 40 per cent [*sic*] of Pozzi's fee." He asserts that defendants would be unjustly enriched if they are not required to reimburse him for his work. He says:

"Pozzi's fee was based on what he would have charged Olson had he represented him from the beginning, doing the groundwork that plaintiff did. Since Pozzi did not charge a lower fee to Olson and told Olson that he, Olson, would owe [plaintiff] nothing, there is at least a question of fact whether Pozzi may owe part of his fee to [plaintiff]."

■　A claim for *quantum meruit* is one kind of a quasi-contractual claim. In *Jaqua v. Nike, Inc.*, 125 Or App 294, 298, 865 P2d 442 (1993), we said:

"A quasi contract is a contract implied in law. It is a remedial device to accomplish substantial justice by preventing unjust enrichment. *Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 577 P2d 477 (1977), *cert den* 439 US 1051 (1978). The elements of a quasi contract are a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, *it would be unjust to allow retention of the benefit* without requiring the recipient to pay for it. *See* 3 Corbin, *Contracts* § 561 (1963 and Supp 1992). For an injustice to be found, one of three things must be true:

"'(1)　the plaintiff had a reasonable expectation of payment;

"'(2)　the defendant should reasonably have expected to pay; or

"'(3)　society's reasonable expectations of security of person and property would be defeated by non-payment.' 1 Corbin, *Contracts* § 19A (Supp 1992)." (Emphasis supplied.)

We examine the uncontroverted facts in this case to determine if defendants have been "unjustly" enriched. Defendants did not request plaintiff to assist in their representation of Olson or promise plaintiff or Olson that they would pay plaintiff's fee. Initially, plaintiff provided legal services for the benefit of Olson at Olson's request. After plaintiff had provided those services, Olson and defendants entered into an agreement that said defendants would represent Olson from the date they were retained until the conclusion of the action. Defendants' fee was contingent on their services resulting in a recovery for Olson. Any fee earned by defendants was in connection with their separate agreement with Olson and not with any agreement between plaintiff and Olson. At the time plaintiff provided services to Olson, defendants were not involved in the case. The benefit conferred on defendants by plaintiff's services, if any, occurred because Olson, the initial beneficiary, chose to transfer the case to defendants, and not because of any intention by plaintiff to benefit defendants. Under these circumstances, plaintiff could not reasonably expect that he would be entitled to share in the part of the recovery that belongs to defendants and resulted from their efforts. "No man can make another his debtor against his will." *Rohr v. Baker*, 13 Or 350, 351, 10 P 627 (1886).

For the same reasons, we do not believe that society or defendants should have a reasonable expectation that defendants would have to pay for plaintiff's services. Although there are circumstances under which it could reasonably be expected that an attorney who uses the work of another attorney could be legally responsible for its value, we do not believe this case fits into that category. The file that defendants reviewed was the result of completed work done for Olson by plaintiff. What was in the public record of the federal court case also was available for anyone to use. Olson was free to employ any attorney to pursue an appeal, assuming he wished to do so. Even if defendants were enriched by plaintiff's work, we conclude that defendants were not "unjustly" enriched in the light of these facts, as a matter of law.

Plaintiff also assigns error to the summary judgment on plaintiff's claim for "Attorney's Fees Pursuant to Notice

of Claim of Lien." Defendants counterclaimed for attorney fees under ORS 87.485.[4] The trial court granted summary judgment in favor of defendants on plaintiff's claim and the counterclaim on the basis that plaintiff had failed to perfect his lien. The claim says, in part:

"6.

"Defendants Pozzi refused to recognize plaintiff's claim for attorney's fees out of any recovery by defendant Olson and plaintiff filed a Notice of Claim of Attorney's Lien for his reasonable attorney's fees pursuant to ORS 87.445 with the United States District Court in January, 1983. Defendants received copies of this Notice of Claim of Attorney's Lien on January 28, 1983, and at all relevant times were aware that plaintiff was claiming an attorney's fee out of any recovery by defendant Olson."

On appeal, plaintiff does not argue that the trial court erred in holding that his lien was not perfected. Rather, he says,

"although plaintiff filed a claim for relief based on the contention that defendants violated a valid notice of claim of lien, this was not a foreclosure suit on Olson's judgment. It was in the nature of a declaratory proceeding, and there was no basis for an award of attorney fees to either party pursuant to ORS 87.485. That statute provides for fees to a prevailing party only when there is a foreclosure suit, not when there is a declaratory proceeding to determine whether or not a party had a valid lien."

In his pleading, plaintiff does not request a declaration of the validity of the lien. Rather, the tenor of the claim seeks foreclosure of the lien. In support of his argument that the claim does not fall under ORS 87.485, plaintiff relies on *Rockwood Water Dist. v. Steve Smith Contracting*, 80 Or App 136, 720 P2d 1332, *rev den* 302 Or 35 (1986). There, a judgment debtor brought an interpleader action to resolve to whom it should pay a judgment. We held that, because neither of the attorneys nor their client commenced the action, it was not a "suit to foreclose" within the meaning of

---

[4] ORS 87.485 provides:

"In suits to foreclose a lien created by ORS 87.445, the court shall allow a reasonable amount as attorney fees at trial and on appeal to the prevailing party."

ORS 87.485. In this case, plaintiff is the purported lienholder and he brought the claim against both Olson and defendants. Under the circumstances, we hold that plaintiff's claim was filed pursuant to ORS 87.445. The trial court did not err in awarding attorney fees to defendants under ORS 87.485.

Plaintiff also assigns error to the court's award of certain costs as part of the attorney fees. Defendants, asserting that the following expenses were not included in their hourly rate, listed them as part of their attorney fees:

| | | |
|---|---|---|
| (a) | photocopies | $ 979.10 |
| (b) | long distance | $ 23.04 |
| (c) | postage | $ 19.70 |
| (d) | computer aided research | $ 628.35 |
| (e) | deposition fees | $ 595.30 |
| (f) | telecopier charge | $ 14.00 |
| (g) | mileage | $ 3.36 |
| | TOTAL | $2,262.85 |

They reduced the claim by 50% because of the *quantum meruit* claim and requested an award of $1,131.43. The court, without explanation, made a further reduction and awarded $900 in "costs and disbursements."[5] Plaintiff argues that, under ORS 87.485, a prevailing party is not entitled to the above costs as part of an award of attorney fees.

■ Attorney fees are for the reasonable value of legal services related to the prosecution or defense of an action. ORCP 68A(1). When the attorney's accounting and billing system attributes special overhead expenses, such as photocopying charges, long distance telephone charges and postage, to individual clients, and recovery of those expenses is made by direct billing to the client for whom the charges are incurred and not by an addition to the attorney's hourly rate, it is appropriate to include those charges in setting a reasonable attorney fee. *See Willamette Prod. Credit v. Borg-Warner Acceptance*, 75 Or App 154, 159, 706 P2d 577 (1985), *rev den*

---

[5] In addition to the requested expenses, defendants also sought $7,407.82 based on "attorney hours devoted to defending the lien foreclosure claim." The trial court reduced that amount to $5,000. Neither party assigns error to that award.

300 Or 477 (1986). We see no reason why that rule is not applicable to these circumstances.

■      However, not all expenses for which the client is billed are considered attorney fees. ORCP 68A distinguishes between "attorney fees" and "costs and disbursements." " 'Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action *other than for legal services* * * *." ORCP 68A(2). (Emphasis supplied.) Before 1985, the necessary expenses of taking depositions were recoverable "costs." However, in 1984, the Council on Court Procedures amended ORCP 68A(2) to eliminate the recovery of depositions expenses. ORCP 68A(2) provides, in part:

> "The expense of taking depositions shall not be allowed, even though the depositions are used at trial, except as otherwise provided by rule or statute."

We agree with plaintiff that the trial court had no authority to circumvent the distinction in ORCP 68 between attorney fees and costs by including what are unrecoverable costs as attorney fees. After removing the deposition fees from the award, we conclude that a reasonable attorney fee for directly billed expenses is $833.77, for a total attorney fee of $5,833.77. Because defendants have prevailed on all issues except for an insubstantial one, we designate defendants as the prevailing party. ORS 20.015.

Remanded for entry of modified judgment awarding attorney fees of $5,833.77; otherwise affirmed.