IN THE TAX COURT OF THE
STATE OF OREGON

Jodi M. JOHNSON
*v.*
DEPARTMENT OF REVENUE
(TC 3802)

David L. Canary, Garvey, Schubert & Barer, Portland, represent plaintiff (taxpayer).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for plaintiff rendered July 22, 1996.

## CARL N. BYERS, Judge.

This matter is before the court on cross motions for summary judgment. The parties stipulated the facts and submitted memoranda in support of their positions. The motions question whether the beneficiary of a trust is an owner for purposes of receiving an energy conservation income tax credit under ORS 316.140.[1]

The energy conservation facility giving rise to the income tax credit in this case is a wood waste co-generation plant located in Riddle, Oregon. The facility was completed and first qualified for an income tax credit in 1986. It is operated under the name of Co-Gen Co., a partnership initially composed of two partners: Prairie Wood Products, Inc. (Prairie Wood), and Strawberry Mountain Power Co. (Strawberry Power). Strawberry Power is an S corporation entitled to receive 56 percent of the energy conservation income tax credit. Prairie Wood is entitled to receive 44 percent of the credit.

Two separate trusts were created for the same beneficiary. On May 1, 1986, the Jodi M. Johnson Qualified Subchapter S Trust (QSST) was created, with plaintiff (taxpayer) as the sole current income beneficiary. A QSST is designed to be a qualifying shareholder of an S corporation under section 1361 of the Internal Revenue Code (IRC). The QSST was funded with 160 shares, or 10.7 percent of the stock, of Strawberry Power. As a 10.7 percent shareholder, the trust's share of the energy income tax credit received by Strawberry Power for 1986 was $43,947.

On January 1, 1987, the QSST sold its stock in Strawberry Power, and the Jodi Johnson Prairie Trust was created with taxpayer as the primary beneficiary. This trust became a partner in Co-Gen Co. and acquired an 8.9 percent

---

[1] Unless otherwise indicated, all federal and state references are to the 1986 Replacement Parts.

partnership interest, entitling the trust to an energy income tax credit in 1987 of $65,470.

Portions of the income tax credit from both trusts were carried over to 1989. On taxpayer's 1989 income tax return, she claimed, as beneficiary of the trusts, a credit of $44,758. The Department of Revenue (department) auditors disallowed $41,840 of the credit on the ground that "[e]nergy credits may not be passed from a trust to a beneficiary." (Brackets in original.)

## ISSUE

The issue framed by the parties in the stipulation is:

"[W]hether Jodi Johnson is entitled, due to her status as sole current income beneficiary of the Jodi M. Johnson QSST Trust and as primary beneficiary of any income distributed by the Jodi Johnson Prairie Trust, to any portion of the energy tax credits claimed on her 1989 Oregon personal income tax return but disallowed by the department."

In a more simplistic form, the issue is whether a trust beneficiary is an owner for purposes of ORS 316.140.

## ANALYSIS

■ The 1979 Oregon Legislature enacted statutes to encourage the construction of renewable energy resources. *See* Or Laws 1979, ch 512. It codified most of the provisions in ORS chapter 469, addressing energy resources in the context of public health and safety. However, section 12 of the 1979 act provided an energy credit against the personal income tax and was codified at ORS 316.140.[2] To obtain the credit for the year in question, the relevant portion of the statute required that:

"(2) The facility must be in Oregon and owned during the tax year by the taxpayer claiming the credit."

■ The department claims that the term "owned," as used in the statute, requires a taxpayer to have legal title.

---

[2] Similarly, section 14 of the act provided a credit against corporate excise taxes and was codified at ORS 317.104. Both tax provisions originally required the property to be "owned or leased" by the taxpayer seeking the credit. The words "or leased" were removed by the 1981 Legislature. Or Laws 1981, ch 894, §§ 10, 13.

Taxpayer, on the other hand, contends that "owned" encompasses both legal and equitable ownership. Based on the context of the statute, the court concludes that the legislature did not intend the word "owned" in the strict, narrow sense of legal title.

To obtain the credit, a taxpayer must apply for preliminary certification prior to construction of the renewable energy resource facility. The application provision requires the applicant to be "the owner or contract purchaser." ORS 469.205(1)(c)(A). Thus, because a contract purchaser, who holds equitable title, can apply for certification, equitable ownership is implicitly recognized in ORS 316.140(2).

■       Perhaps most revealing of legislative intent is ORS 316.140(9), which provides:

> "If the taxpayer is a shareholder of a Subchapter S corporation, the credit shall be computed using the shareholder's pro rata share of the corporation's certified cost of the facility. In all other respects, the allowance and effect of the tax credit shall apply to the corporation as otherwise provided by law."

This provision reveals that the legislature assumed S corporation shareholders qualified for the credit. The focus of the provision is not qualification, but the amount of the credit. Where various forms of equitable ownership such as S corporation shareholders, partners and trust beneficiaries receive similar treatment for purposes of determining taxable income, it is reasonable to treat them alike for purposes of tax credits. If the income tax law attributes and taxes income to an S corporation shareholder, partner, or trust beneficiary, then consistency and uniformity would indicate that these same taxpayers should be treated alike for purposes of tax credits.

■       Furthermore, the legislature expressly determined to adopt the federal pattern of income taxation. Its expressed intent is to make the measure of Oregon taxable income identical with federal taxable income except with regard to specific modifications. ORS 316.007. The legislature seeks to achieve this identity by adopting various provisions of the Internal Revenue Code, including the taxation of trusts.

■     Under both state and federal systems, beneficiaries of trusts are taxed upon their proportionate share of distributable net income or other income. ORS 316.287. Under the federal system, trust beneficiaries are generally entitled to federal tax credits. Although the state has not adopted federal tax credits, nothing in ORS chapter 316 indicates the legislature intended to depart from this pattern. The same kind of treatment would provide the overall consistency the legislature intended. On the other hand, if a trust beneficiary is taxed on trust income but denied a tax credit, it would operate contrary to the purposes of the credit and diminish the incentives it provides.

In this case, the issue concerns the beneficiary of a QSST and the beneficiary of a trust that is a partner in a renewable energy resource facility. In the case of a QSST, IRC section 1361(d) treats the beneficiary of the QSST as "the owner of that portion of the trust which consists of stock in an S corporation with respect to which the election * * * is made." IRC § 1361(d)(1)(B). By expressly providing that Oregon taxable income is to be identical to the federal taxable income, Oregon has adopted the effect of this law, *i.e.*, it treats the QSST beneficiary as the owner of S corporation shares. If the beneficiary is treated as owner of the S corporation shares for purposes of income taxes, then it is reasonable to conclude that the legislature intended that the same beneficiary would qualify for the credit in question.[3]

The Oregon Legislature has specifically provided income tax credits to a taxpayer that "owns, leases, or has a beneficial interest" in a pollution control facility or a business that manufactures a reclaimed plastic product. ORS 316.097(4)(a)(C); ORS 316.103(4)(a)(C). A third credit, the alternative energy device credit, requires that taxpayer be the owner, contract purchaser, or tenant. ORS 316.116(2)(a)(B). While these provisions demonstrate the legislature can specifically address the kinds of interests that do

---

[3] As an interesting sidenote, while most federal credits refer to "taxpayers," IRC section 48(k) provides an investment tax credit for movie and television films for taxpayers with an "ownership interest" in the property. The regulations makes no reference to the ownership requirement but do indicate that if a trust owns an interest in the property, the credit is allocated to the beneficiaries on the basis of their distributable net income. Treas Reg § 1.48-8(a)(4)(iv).

qualify for an income tax credit, they say nothing about legislative intent when the legislature uses a general term such as "owned."

■      The court is persuaded that the Oregon Legislature intended to make Oregon's law identical with federal law except where expressly different. Federal income tax laws and regulations are detailed, complex and extensive. Oregon has declined to duplicate that enormous mass of law, but utilizes it by adopting it by reference.

If the Oregon Legislature intended ORS 316.140 to be strictly construed and applied only to legal title, then forms of equitable ownership such as contract purchasers, shareholders, and partners would not qualify. The department recognizes this is not the case. If other equitable forms of ownership are recognized, then how did the legislature distinguish the beneficiary of a trust from a partner or contract purchaser? The S corporation shareholder provisions evidence a legislative intent that equitable ownerships are recognized for purposes of ORS 316.140. Otherwise, as taxpayer points out, a simple trust would be able to obtain a tax credit under ORS 316.140, but that credit would be unusable and wasted, a result contrary to the underlying premise of the tax credit provisions. Consistency of treatment and the policy underlying the tax credit provided by ORS 316.140 all point to a legislative intent to allow the credit to trust beneficiaries. Now, therefore,

IT IS ORDERED that taxpayer's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that the department's Motion for Summary Judgment is denied. Plaintiff shall recover costs and reasonable attorney fees.

## ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT AND STATEMENT OF ATTORNEY FEES, COSTS AND DISBURSEMENTS

David L. Canary, Garvey, Schubert & Barer, Portland, represent plaintiff (taxpayer).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision rendered October 23, 1996.

**CARL N. BYERS, Judge.**

This matter is before the court on plaintiff's (taxpayer) statement of attorney fees and costs and the Department of Revenue's (department) objections thereto. The court has considered the written memoranda and oral arguments of counsel.

The department objects to taxpayer's claimed attorney fees on the ground they are inflated due to unnecessary discovery. The department asserts that inaccuracies in taxpayer's complaint required the department to engage in substantial discovery to ascertain the accurate facts. The department argues that taxpayer's attorney fees should be reduced to the extent they are attributable to such unnecessary discovery. Taxpayer responds that the department's discovery and concern with the facts was unreasonable in view of the clear legal issue before the court. Taxpayer acknowledges there were some differences in the facts alleged and the facts

the parties eventually stipulated to, but asserts that the differences were not great or significant.

■ ORS 305.490(2)(a) provides that this court may award reasonable attorney fees to a prevailing taxpayer in an income tax case. In *Romani v. Dept. of Rev.*, 10 OTR 64 (1985), this court indicated that taxpayers who withhold information or in other ways are responsible for unnecessary proceedings will be denied attorney fees. The court stated:

> "Generally the court will not award attorney fees and expenses where: (a) the taxpayer fails to furnish complete and adequate information to the department as requested or required by law, (b) the taxpayer is uncooperative or lacking in candor in attempting to bring all relevant facts to light and resolve the dispute according to law, or (c) where the taxpayer has failed to maintain adequate records. Likewise, the court will decline to award attorney fees or other expenses where it appears that the taxpayer has been unreasonable, acted unlawfully or in any other circumstance which appears to justify the denial of such awards. *Id.* at 74.

The court is not persuaded that taxpayer comes within any of the *Romani* tests. Taxpayer focused on the legal issue, and the department appears to have focused on the facts. There is no indication that either of the parties acted in bad faith or withheld information. The court recognizes that in the normal course of litigation there will be some slippage and loss of efficiency.

In addition, the department's objections are general and not specific with regard to the amount of attorney fees it deems reasonable. While the department's counsel expressed an opinion of reasonableness, it was based on comparing this matter to a similar case involving a similar issue. However, the facts in this case are more complex and more likely to require clarification.

The court will deny the amount of $1,172.50 claimed for attorney fees incurred in responding to the department's objections. The inaccuracies in taxpayer's complaint were the primary reason for the department's objections. It is appropriate that taxpayer not recover attorney fees where they were caused by taxpayer's own inaccuracies.

■ The department also objected to amounts specified for computerized legal research, photocopies, travel, and telephone. Those items are not "costs" in the technical sense but are billed separately and considered part of taxpayer's attorney fees. The court finds that where such amounts have been itemized and billed to the client separately, they are recoverable as part of a taxpayer's attorney fees. *See, e.g., Robinowitz v. Pozzi,* 127 Or App 464, 872 P2d 993 (1994).

■ Finally, the department objected to the recovery of accountant fees. ORS 305.490(2)(b) specifically provides that, in an income tax case, the court may award the prevailing taxpayer expenses incurred for accounting fees and other expert assistance. Although the accountant did not testify or directly participate in the legal proceedings, there is no question that his services were deemed necessary by taxpayer. The legislature appears to have contemplated that a taxpayer would need the assistance of accountants and other experts because of the complexity of income tax laws. The court finds that the accountant fees are recoverable by taxpayer.

Taxpayer has requested statutory prevailing party fees under ORS 20.190. That statute provides for recovery of specified amounts by a prevailing party in the Oregon Supreme Court, Court of Appeals, circuit court and district court. The statute does not expressly mention the Oregon Tax Court. Nevertheless, for many years the Tax Court awarded prevailing party fees under this statute as a matter of policy. The apparent rationale for such practice was the fact that the Tax Court has the same powers as a circuit court. *See* ORS 305.405.

■ The 1995 Legislature made two changes that indicate prevailing party fees are not appropriate for the Tax Court. First, the legislature substantially increased the amounts awarded as a prevailing party fee. The maximum amount in circuit court was increased from $75 to in excess of $5,000. In a case involving the recovery of money, a prevailing party fee of $500 is automatically awarded if the case went to trial. ORS 20.190(2)(a)(B). Also, the court may make an additional award of up to $5,000 after considering, among other things:

"The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal." ORS 20.190(3)(a).

That language does not fit comfortably with the circumstances under which taxpayers contest their taxes. Moreover, the legislature has specifically addressed tax appeals that are instituted primarily for delay or are frivolous or groundless. *See* ORS 305.437.

Second, the legislature created a Magistrate Division in the Tax Court to replace administrative hearings at the department. Those lower level appeal proceedings are informal, unrecorded and are not subject to the formal rules of evidence. Any rationale for applying the prevailing party statute to Tax Court proceedings seems significantly weakened with regard to the Magistrate Division.

Finally, there are a number or reasons that make ORS 20.190 inappropriate for the Tax Court. The legislature may deem it important that taxpayers be able to contest their taxes without feeling coerced or threatened with penalties. There are significant differences between private civil litigation and tax litigation. The ordinary citizen must struggle to understand the complex tax laws. The amount of tax in controversy may be substantially less than the prevailing party fees provided for under ORS 20.190. For these and other reasons, the court has determined that its long standing policy of awarding prevailing party fees was in error. The court will only award such costs and fees as are expressly provided for by the statutes applicable to the Oregon Tax Court. Now, therefore,

IT IS ORDERED that judgment be entered awarding taxpayer a money judgment for attorney fees, expenses and costs as set forth above.