# IN THE TAX COURT OF THE
## STATE OF OREGON

J. Michael MAGINNIS
and Janet Y. Maginnis

*v.*

## DEPARTMENT OF REVENUE

(TC 4310)

Joseph J. Hanna, Jr., Hanna, Kerns & Strader, Portland, represented Plaintiffs (taxpayers).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented Defendant (the department).

Decision affirming Plaintiffs' Motion for Summary Judgment rendered April 12, 1999.

### CARL N. BYERS, Judge.

This matter is before the court on Defendant's (the department) Motion for Reconsideration and Plaintiffs' (taxpayers) response thereto. After considering the department's arguments, the court finds it appropriate to clarify the basis for its decision.

The department contends that the amount taxpayers received from the sale of a lottery prize is taxable. As authority for that position, the department relies on federal cases dealing with exempt state and municipal bonds, primarily *Willcuts v. Bunn*, 282 US 216, 2 USTC ¶ 640 (1931). In that case, the court held that although interest on municipal bonds is tax exempt, the gain realized on the sale of those bonds is not exempt. The Supreme Court reasoned:

> "The sale of the bonds by their owners, after they have been issued by the State or municipality, is a transaction distinct from the contracts made by the government in the bonds themselves, and the profits on such sales are in a different category of income from that of the interest payable on the bonds." *Id.* at 226.

In that case, the taxpayer was unable to show how a tax on gains realized from the sale of the bonds cast any burden on the government. The court pointed out that the statutory exemption from income tax was only for the interest paid by the government on the bonds. Other federal cases cited by the department are consistent with this view.

■ Those federal cases are not applicable here. Taxpayers purchasing government bonds are purchasing capital assets or investments. When those assets are disposed of in private transactions, they result in gain or loss that is recognized for income tax purposes. In contrast, taxpayers did not purchase the lottery prize. The prize was awarded. ORS 461.560[1] places the prize in the winner's hands entirely free of state and local taxes. Whatever the taxpayer holds and whatever its value, he holds it entirely exempt from taxation.

---

[1] All references to the Oregon Revised Statutes are to 1991.

The department contends:

"ORS 461.560 exempts from taxation the lottery prize, consisting of the right to receive the twenty annual prize installments. When that right is transferred, the purchaser becomes entitled to the exemption."

■ ORS 461.560 exempts only a prize "awarded," not a prize "purchased." The person or persons to whom the prize is awarded receives it exempt from taxation. That is consistent with the rationale of *Willcuts* in that the exemption looks to the relationship between the government and the person who purchased the lottery ticket. Presumably, the state exempted the prize in order to encourage people to purchase lottery tickets. Clearly, it did not exempt the prize in order to encourage people to purchase lottery prizes from prize winners.

■ The department errs in assuming the purchaser of the prize "becomes entitled to the exemption." There is no reason or policy why the purchaser of a prize should be exempt. When someone purchases a lottery prize from a lottery prize winner, the transaction is between private parties. The purchaser obtains an asset. To the extent that the income or gain from that asset is greater than the purchase price, the purchaser has taxable income. Taxing that income imposes no burden on the government and does not discourage anyone from playing the lottery.

Having reconsidered its decision, the court finds it is appropriate to award taxpayers their reasonable attorney fees incurred in connection with the department's Motion for Reconsideration.

■ The department has also filed objections to taxpayers' proposed statement of costs on the grounds that computerized research, photocopies, postage, and "transerv exp" are not recoverable under Tax Court Rule (TCR) 68. Taxpayers' response asserts that such expenses are "reasonable and necessary expenses" incurred in prosecuting this case.

■ The department is correct in that expenses that are generally thought of as an attorney's overhead or expenses of operation are not recoverable as costs of prosecuting an action. However, as indicated by *Robinowitz v. Pozzi*, 127 Or App 464, 872 P2d 993 (1994), to the extent that such

expenses are separately billed as part of the attorney's fee, they are recoverable as part of that fee. The costs and disbursements that TCR 68 contemplates are those directly associated with the case such as filing fees, statutory witness fees, and fees for the service or publication of summons. Other expenses that may be associated with prosecuting a case but not directly required by it, such as travel and meals, copies of documents, investigators and expert witnesses, and similar expenses, are not recoverable as costs and disbursements. It appears that these latter expenses can vary too widely and create an unacceptable consequence of the litigation process itself. *See Johnson v. Dept. of Rev.*, 14 OTR 15 (1996).

In light of the above, the court will exercise its discretion and allow all of the claimed expenses as attorney fees to the extent that those expenses were separately accounted for and billed to the client as such. If they were not so billed, then the court will allow only the filing fee. Taxpayer shall resubmit its cost bill in accordance with this ruling. Now, therefore,

IT IS ORDERED that Defendant's Motion for Reconsideration is granted, and

IT IS FURTHER ORDERED that the granting of Plaintiffs' Motion for Summary Judgment is affirmed and judgment will be issued in accordance therewith, and

IT IS FURTHER ORDERED that Plaintiffs shall recover reasonable attorney fees in connection with the filing of the Motion for Reconsideration and costs as set forth above.