ASIATIC COMPANY (USA), INC.,
a Texas corporation,
*Appellant,*
*v.*

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.,
a Washington corporation,
*Respondent.*

9901-00510; A111483

52 P3d 1112

Thomas F. Spaulding argued the cause for appellant. With him on the briefs was Spaulding Cox & Schaeffer, LLP.

Frank V. Langfitt, III, argued the cause for respondent. With him on the briefs were Lori Irish Bauman and Ater Wynne LLP.

Before Kistler, Presiding Judge, Deits, Chief Judge, and Brewer, Judge.

PER CURIAM

## PER CURIAM

Plaintiff, an importer, appeals from a judgment dismissing its claims for damages against defendant, a customs broker and freight forwarder, for various commercial torts and granting defendant's counterclaim for freight charges. We reverse the trial court's award of costs and otherwise affirm.

The governing agreement between the parties provided that, if defendant were successful in any litigation, plaintiff would pay defendant's "expenses of collection and/or litigation, including a reasonable attorney fee[.]" Based on that provision, the trial court entered a supplemental judgment for attorney fees and for costs that included court reporter fees and other items that are not included in the costs that ORCP 68 A(2) permits a prevailing party to recover. In *Malot v. Hadley*, 102 Or App 336, 342, 794 P2d 833 (1990), we construed an agreement to pay the prevailing party's reasonable "expenses," in the absence of language showing a contrary intent, as meaning "those costs and disbursements provided for by statute or rule at the time the cost bill was submitted." Nothing in the agreement in this case leads us to construe "expenses of collection and/or litigation" differently. Defendant is entitled to recover only those costs that the applicable statutes or rules provide. *Cf. Robinowitz v. Pozzi*, 127 Or App 464, 470-71, 872 P2d 993, *rev den* 320 Or 109 (1994) (some separately billed expenses may be included in attorney fees).

Award of costs in supplemental judgment reversed and remanded; otherwise affirmed.