IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Corporation Excise Tax

| | | |
|---|---|---|
| M&T BANK CORP. AND SUBSIDIARIES, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 120816N (Control) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| M&T MORTGAGE CORPORATION, | ) | |
| | ) | TC-MD 120817N |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION** |

The court entered its Decision in these consolidated cases on June 2, 2015. Plaintiffs

timely filed their statement for costs and disbursements on June 16, 2015. Defendant filed its

objection on June 24, 2015. Plaintiffs filed their request for leave to respond to Defendant's

objection on June 29, 2015, and attached their proposed response as an exhibit. The court did

not receive an objection from Defendant to Plaintiffs' request for leave to respond. After

consideration, the court grants Plaintiffs' request for leave to respond. Plaintiffs' Response to

Defendant's Objection to Plaintiffs' Statement for Costs and Disbursements is hereby filed.

These cases are now ready for final decision by the court. The court's Final Decision

incorporates its Decision without change in section I. The court's analysis and determination of

Plaintiffs' statement for costs and disbursements is contained in section II.

## I. DECISION ON THE MERITS

Plaintiffs filed their Complaints on November 20, 2012, challenging Defendant's Notices of Deficiency Assessment for the 2004 through 2009 tax years. On October 30, 2013, the court issued its Order setting a briefing schedule for the parties' first motions for partial summary judgment, responses, and replies. Oral argument was held on the parties' first motions for partial summary judgment on April 30, 2014.

On July 11, 2014, the court issued its Order granting Plaintiffs' first Motion for Partial Summary Judgment and denying Defendant's motion for partial summary judgment. In that Order, the court made findings of fact based on the parties' exhibits and reached the following conclusions: (1) M&T Real Estate Trust (MRET), as a real estate investment trust (REIT), was not a member of Plaintiffs' affiliated group and could not, therefore, file consolidated returns during the tax years at issue; (2) Defendant's adjustment allocating MRET's loan income to Plaintiffs was not authorized by ORS 314.295; and (3) REIT distributions are dividends under IRC section 316, and MRET distributions qualified for the deduction under ORS 317.267(2) for the 2004 and 2005 tax years. The court's Order dated July 11, 2014, is attached and hereby incorporated in this Decision.

On October 9, 2014, the court issued an Order setting a briefing schedule for the parties' second motions for partial summary judgment and responses. Oral argument was held on the parties' second motions for partial summary judgment on January 8, 2015. On April 30, 2015, the court issued its Order Granting Plaintiffs' Second Motion for Summary Judgment. In that Order, the court concluded that the only dividends included in the denominator of the sales factor under OAR 150-314.280-(N)(4)(m) are those "from investment assets and activities and from trading assets and activities." The court further concluded that MRET dividends paid during the

tax years at issue were dividends from investment assets held by Plaintiffs. As a result, those dividends should be included in Plaintiffs' sales factor denominator, less the Oregon dividends received deduction allowed for the 2004 and 2005 tax years. The court's Order dated April 30, 2015,[1] is attached and hereby incorporated in this Decision.

In its Order dated April 30, 2015, the court ordered the parties to file a written status report within 30 days, stating whether they requested to brief the issue of whether the overpayments in 2004 and 2005 might be refunded or offset against the 2006 deficiency. On May 29, 2015, Plaintiffs filed a letter stating that,

> "Defendant subsequently advised plaintiffs that defendant intended to appeal the Magistrate's decision in these cases regardless of the resolution of the offset issue if it were litigated in the Magistrate Division. Under the circumstances, as all of the substantive legal issues in the cases have been addressed, plaintiffs request that the court enter a decision based on the court's July 11, 2014 Order granting plaintiffs' Motion for Partial Summary Judgment and denying defendant's Motion for Summary Judgment and the court's April 30, 2015 Order granting plaintiffs' Second Motion for Summary Judgment."

(Ptfs' Ltr at 1-2, May 29, 2015.[2]) On May 29, 2015, Defendant filed a letter stating that it

> "is in agreement that the court may enter an appealable decision reflecting the court's orders of July 11, 2014, and April 30, 2015, and on that basis declaring void [Defendant's] assessments for 2004, 2005, 2007, 2008, and 2009, and for tax year 2006, finding a remaining deficiency of Oregon corporation excise tax of $175,734, plus interest under ORS 305.220."

(Def's Ltr at 1, May 29, 2015.)

/ / /

/ / /

---

[1] In its Decision, the court incorrectly referenced the Order as dated April 30, 2014. The court has changed the date to April 30, 2015, to correct its clerical error.

[2] Plaintiffs noted that their "request does not reflect agreement with defendant's position on whether the overpayments for 2004 and 2005 may be applied to the deficiency for 2006. Plaintiffs reserve the right to address the issue in subsequent proceedings if defendant files an appeal." (Ptfs' Ltr at 2 n1, May 29, 2015 (citation omitted).)

## II. COSTS AND DISBURSEMENTS FACTS AND ANALYSIS

A.    *Facts*

Plaintiffs stated they are entitled to an award of $2,191.76 for costs and disbursements. (Ptfs' Statement Costs & Disb at 1.)  Plaintiffs' accounting for their disbursements is summarized as follows:

| | |
|---|---|
| Filing Fee: TC-MD 120817N | $   240.00 |
| Filing Fee: TC-MD 120816N | $   240.00 |
| Audiotape cassettes of House Revenue Committee hearing | $     14.00 |
| Photocopies of documents for exhibits supporting Plaintiffs' Motion for Partial Summary Judgment | $   328.40 |
| Legislative history records | $   245.00 |
| Photocopies of documents for exhibits supporting Plaintiffs' Response to Defendant's Motion for Summary Judgment | $       5.12 |
| Audiotape cassettes of legislative hearings | $   117.00 |
| Demonstrative exhibit for oral argument on cross-motions for summary judgment | $     35.00 |
| Demonstrative exhibits for oral argument on cross-motions for summary judgment | $   687.24 |
| Demonstrative exhibits for oral argument on second cross-motions for summary judgment | $   280.00 |

(Ptfs' Statement Costs & Disb, Ex 1 at 1-2.)

At the audit preceding the present appeal, Plaintiffs agreed to an adjustment to their tax year 2004 to 2006 returns regarding filing as a unitary group.  (Def's Objection at 5; Ptfs' Response at 2.)  That adjustment was not litigated before this court.  (Def's Objection at 5; Ptfs' Response at 2.)  Defendant "does not dispute that plaintiffs are the prevailing party."  (Def's Objection at 4.)

B.    *Analysis*

1.    *Authority to Award Costs and Disbursements*

"Costs, like attorney fees, are not recoverable in the absence of a statute or contractual provision authorizing the award.  Any entitlement to costs must be found in, and is limited by,

statute." *Compton v. Weyerhaeuser*, 302 Or 366, 367, 730 P2d 540 (1986) (citation omitted) *superseded by statute on other grounds*, Or Laws 1987, ch 250, § 4; *see also Wood v. Fitzgerald*, 3 Or 568, 583-84 (1870) (no authority to award costs and disbursements where code of civil procedure is silent). Courts have no common law authority to award costs and disbursements. *Wood*, 3 Or at 583.

Magistrates of the Oregon Tax Court have discretionary authority to award costs and disbursements to prevailing parties under ORS 305.490(2).[3] *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267-68 (2013). "Costs and disbursements" are defined by Tax Court Rule-Magistrate Division (TCR-MD) 16 A as

> "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the filing fee; the fees of officers; the statutory fees for witnesses; the postage for summonses or notices; the necessary expense of copying of any public record, book, or document used as evidence in the trial; recordation of any document where recordation is required to give notice of the creation, modification, or termination of an interest in real property; a reasonable sum paid a person for executing any bond, undertaking, stipulation, or other obligation therein; and any other expense specifically allowed by agreement, by these rules, or by other rule or statute. The court, acting in its sole discretion, may allow as costs reasonable expenses incurred by a party for interpreter services. If such costs are not awarded and the beneficiary of the interpreter services is unable to pay, then interpreter services will be paid for in the same manner as interpreters used in the circuit court. *See* ORS 45.275(4)(c)."

Although the list of costs and disbursements provided in TCR-MD 16 A is not exclusive, the only other costs and disbursements allowed by that rule are those "specifically allowed" by agreement, rule, or statute. An expense is not allowable simply because it is "reasonable and necessary" if it is not authorized by agreement, rule, or statute. *See Welch v. U.S. Bancorp*, 286 Or 673, 709-10, 596 P2d 947 (1979) (holding court "powerless" to award "necessary" expert expenses and deposition expenses not permitted by statute); *see also Hancock v. Suzanne*

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

*Properties, Inc.*, 63 Or App 809, 814-15, 666 P2d 857 (1983) (holding that trial court erred in allowing expert witness fee as a disbursement where it was not included in the definition of recoverable costs and disbursements contained in ORCP 68 A(2)).

2.      *Plaintiffs' Statement for Costs and Disbursements*

It is undisputed that Plaintiffs are the prevailing parties in these cases. Plaintiffs state they are entitled to costs and disbursements for their filing fees and for their expenses in copying or otherwise preparing various legislative history materials and exhibits.

a.      The court's discretion

In determining whether to award costs and disbursements, the court looks to whether plaintiffs "made good faith, reasonable efforts to avoid the necessity of filing a complaint * * *." *Wihtol v. Multnomah County Assessor*, TC-MD 120762N, WL 274126 at *6 (Jan 24, 2014). "[W]here taxpayers fail to timely and properly file returns * * *, this court may decline to award costs even if taxpayers ultimately prevail in their appeal." *Id*. at *5.

All expenses claimed under TCR-MD 16 A must be both reasonable and necessary. The court may determine that a given expense is unnecessary where it is not helpful to the determination of the case. *See, e.g.*, *PGE v. Dept. of Rev.*, 11 OTR 78, 94 (1988) (expenses for experts unnecessary where case determined on legal principles).

In these cases, Defendant argued that the court should not award Plaintiffs their filing fee in TC-MD 120817N because Plaintiffs agreed at audit to an adjustment to their 2004 to 2006 returns. (Def's Objection at 5.) Plaintiffs responded that the agreed adjustment was not subject to litigation before this court. (Ptf's Response at 2.)

Defendant's argument is not well taken. Where an improperly filed return weighs against a taxpayer in a costs and disbursements award, it is because the taxpayer's filing error

necessitated the appeal. For example, a taxpayer's failure to attach a federal tax return required pursuant to ORS 316.457 would weigh against the taxpayer's recovery of a filing fee, where a deficiency had been assessed solely for that reason. In the present case, however, neither of Plaintiffs' appeals was necessitated by errors in their original returns. To the contrary, Plaintiffs' agreement to an adjustment at audit was evidence of "good faith, reasonable efforts to avoid the necessity of filing a complaint." *Wihtol*, 2014 WL 120762N at *5.

> b.      Filing fees

The filing fee in the Magistrate Division is a recoverable disbursement. TCR-MD 16 A; *Wihtol I*, 21 OTR at 267 n 3; *see also Wihtol*, 2014 WL 274126 at *7. Because Plaintiffs were the prevailing parties, and because they made reasonable efforts to avoid initiating this litigation, the court awards them their filing fees for their two complaints, totaling $480.

> c.      Copying expenses

TCR-MD 16 A permits recovery of "the necessary expense of copying of any public record, book, or document *used as evidence in the trial*[.]"[4] (Emphasis added.) *Cf. PGE*, 11 OTR at 95 (awarding legislative history copying costs after trial without stating whether copied materials were used as evidence).

"Other expenses that may be associated with prosecuting a case but not directly required by it, such as travel and meals, *copies of documents*, investigators and expert witnesses, and similar expenses, are not recoverable as costs and disbursements." *Maginnis v. Dept. of Rev.* (*II*), 14 OTR 550, 553 (1999) (emphasis added). Because such expenses vary so widely, allowing them as costs and disbursements could "create an unacceptable consequence of the

---

[4] TCR 68 A(2) and ORCP 68 A(2) include similar language to TCR-MD 16 A(2). TCR 68 A(2) defines costs and disbursements to include "the necessary expense of copying of any public record, book, or document used as evidence on the trial[.]" ORCP 68 A(2) defines costs and disbursements to include the copying costs of records, books, or documents "admitted into evidence at trial."

litigation process itself." *Id.* This court has previously found such expenses to be a component of attorney fees. *See, e.g.*, *Johnson v. Dept. of Rev.*, 14 OTR 15, 23 (1996).

The present cases were decided on the parties' motions for summary judgment after written briefings and oral arguments. Because Plaintiffs prevailed at summary judgment, no subsequent trial was needed. The question then arises whether Plaintiffs' exhibits supporting their summary judgment motions were "used as evidence in the trial" under TCR-MD 16 A.

*Black's Law Dictionary* defines "trial" as follows: "A formal judicial examination of evidence and determination of legal claims in an adversary proceeding." *Black's Law Dictionary* 1735 (10th ed 2014). "Evidence" is defined as "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact; anything presented to the senses and offered to prove the existence or nonexistence of a fact * * *." *Id.* at 673. In the Magistrate Division, proceedings may be conducted "in any manner that will achieve substantial justice" and evidence may be admitted without conforming to the "statutory rules of evidence * * *." ORS 305.501(4)(a). Parties can and do submit evidence with their summary judgment motions, and parties can and do raise objections to evidence submitted in that manner. The court rules on summary judgment motions only after examining the evidence and determining the legal claims. The court concludes that copying expenses for documents used as evidence to support a summary judgment motion are recoverable to the same extent as copying expenses for documents "used as evidence in the trial" under TCR-MD 16 A. Such expenses must be both reasonable and necessary. TCR-MD 16 A.

Here, Plaintiffs attached numerous documents as evidence to support their summary judgment motions and to respond to Defendant's motions. The expenses for copying those documents are recoverable and the court allows Plaintiffs disbursements of $333.52.

Plaintiffs reported additional expenses for audio recordings and legislative history materials that were not attached to their summary judgment motions. Those expenses are not allowed because they were not used as evidence. Likewise, Plaintiffs' disbursements for demonstrative exhibits are not allowed because those exhibits were not used as evidence but rather to display excerpts of statutes and administrative rules.

This matter is now ready for final decision. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' first Motion for Partial Summary Judgment is granted and Defendant's motion for partial summary judgment is denied.

IT IS FURTHER DECIDED that Plaintiffs' Second Motion for Summary Judgment is granted.

IT IS FURTHER DECIDED that Plaintiffs' Request for Leave to File Response to Defendant's Objection to Plaintiffs' Statement for Costs and Disbursements is granted.

IT IS FURTHER DECIDED that Plaintiffs' statement for costs and disbursements is allowed as to the filing fees and the copying expenses for summary judgment exhibits, and is denied as to the remainder. Defendant shall pay Plaintiffs' costs and disbursements in the amount of $813.52.

Dated this ____ day of July 2015.

                                                                  
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR. Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on July 29, 2015.*